# Mechanicsburg Borough, Appellant, *v.* Gray.

*Appeals—Summary conviction—Violation of borough ordinance —Jurisdiction of Common Pleas—Act of June 4, 1897, P. L. 121.*

A conviction before the chief burgess of a borough for the violation of a borough ordinance prohibiting the digging up of a street without a permit, and providing a penalty for such an offense is a summary conviction from which no appeal lies to the Court of Common Pleas. An appeal in such a case must be taken to the the Court of Quarter Sessions.

*Boroughs—Streets—Digging up street by railroad company.*

A railroad company and its employees are subject to the provisions of a borough ordinance which requires the securing of a permit before a street is torn up, even if the company has the right to use the street without the municipal consent, and even if it owns the land on both sides of the street.

Argued March 8, 1915. Appeal, No. 3, March T., 1915, by plaintiff, from judgment of C. P. Cumberland Co., Feb. T., 1910, No. 124, for defendants on case stated in suit of Mechanicsburg Borough v. John Gray (Foreman), E. N. Peckert (Asst. Foreman), Charles Base-

hore, et al., employees of the Cumberland Valley Railroad Company.  Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.  Reversed.

Appeal from judgment of chief burgess of Mechanicsburg.

From the case stated it appeared that the facts were as follows:

The plaintiff is a borough, incorporated by an act of the legislature, approved the 12th day of April, 1828, and by due action became subject to the General Borough Act of April 3, 1851.  In 1860 it adopted a plan showing the location of the streets and alleys of the municipality.  One of the said streets was named Chestnut street, and extends northerly from Main street, crossing the tracks of The Cumberland Valley Railroad Company.

That on April 25, 1889, the borough passed an ordinance making it unlawful "to dig up any street or pavement, or any part thereof, for the purpose of laying gas or water pipes, or for other purposes until a written permit has been obtained from the burgess, and providing that a fine of not less than ten ($10) dollars, nor more than fifty ($50) dollars might be imposed for its violation.

The Cumberland Valley Railroad Company was chartered April 2, 1831, to build a railway beginning at Carlisle and passing by the nearest or best route to a point on the Susquehanna river at or near the Borough of Harrisburg.

The defendant, with other employees of the Cumberland Valley Railroad Company, constructed an addition to its siding or turnout along the tracks of the said road, by which it was extended across the said Chestnut street, without securing any permit from the burgess.  This was done on the 11th day of December, 1909.  An information was made against them on the 24th day of the same month, and a fine of fifty dollars imposed on the said Gray.  On application to the Court of Common

Pleas, allowance was given to the defendant to appeal from the determination of the burgess.

The parties agreed upon a case stated for the opinion of the court, raising two questions:

1. Had the Court of Common Pleas jurisdiction to allow an appeal from the judgment entered by the burgess?

2. Was the defendant guilty of any offense in constructing the extension of the siding or turnout, under the direction of The Cumberland Valley Railroad Company, across Chestnut street, in the Borough of Mechanicsburg, without first obtaining a permit from the chief burgess thereof?

On petition of John Gray, the defendant, to the Court of Common Pleas of this Cumberland County, after due notice to the burgess of the said Borough of Mechanicsburg, an appeal was duly allowed on the 28th day of December, 1909, from the imposition of the fine imposed upon him, upon condition that he, the said Gray, should enter into a recognizance in the sum of one hundred dollars.

The court in an opinion by SADLER, P. J., entered judgment for defendants on the case stated.

*Error assigned* was in entering judgment for defendants on case stated.

*E. M. Biddle, Jr.,* with him *Harry M. Zug,* for appellant.—The Common Pleas had no jurisdiction: Phœnixville Borough v. Little, 23 D. R. 216; Com. v. Mitchell, 23 D. R. 496; Johnstown v. Rose, 13 D. R. 26; Com. v. Bracony, 22 Dist. Rep. 871; Com. v. Kephart, 39 Pa. Superior Ct. 524; Com., to use, v. McCann, 174 Pa. 19; Com. v. Johnston, 1 Pa. C. C. R. 22.

A corporation having the right to use a street without the consent of a municipality is nevertheless subject to the provisions of an ordinance relating to such use, where the provisions are not unreasonable, nor prohibi-

tive: Shryock v. North Braddock Boro., 43 Pa. Superior Ct. 508; Scranton Gas, Etc., Co. v. Scranton, 214 Pa. 586.

*S. B. Sadler,* with him *H. H. Mercer,* for appellees.— The Common Pleas had jurisdiction: Com. v. Borden, 61 Pa. 272; Mauch Chunk Boro. v. Betzler, 19 Pa. C. C. R. 27; Com. v. Kephart, 39 Pa. Superior Ct. 524; Com. v. McCann, 174 Pa. 19; Com. v. Rosenthal, 3 Pa. C. C. R. 26; Com. v. Keane, 21 Pa. C. C. R. 327; Lehighton Borough v. Roth, 21 Pa. C. C. R. 63; Milton Borough v. Hoagland, 3 Pa. C. C. R. 283; West Pittston v. Dymond, 8 Kulp 12; Com., ex rel., v. Betts, 76 Pa. 465; Colwyn Borough v. Tarbotton, 1 Pa. Superior Ct. 179; Mahanoy City Boro. v. Wadlinger, 142 Pa. 308; Thompson v. Preston, 5 Pa. Superior Ct. 154; Wilkes-Barre v. Stewart, 16 Pa. Superior Ct. 347.

The power of the Commonwealth over the streets and roads within its territory, including those of its cities and towns, is paramount to that of the local authorities, and that right, when granted to a railroad company, is altogether independent of the municipality in which it is to be exercised: Millville Borough v. Evergreen Ry. Co., 131 Pa. 1, 22; Williamsport Pass. Ry. Co.'s Appeal, 120 Pa. 1; Northern Coal & Iron Co. v. Wilkes-Barre, 218 Pa. 269; Olyphant Borough v. D. & H. Co., 225 Pa. 147; Dunmore Borough v. Railway Co., 34 Pa. Superior Ct. 294; Harnish v. Quarryville R. R. Co., 246 Pa. 426.

OPINION BY ORLADY, J., October 11, 1915:

The appellant's challenge is to the jurisdiction of the Court of Common Pleas, to allow and consider an appeal from the judgment entered by the chief burgess of the plaintiff borough. The action was instituted by the chairman of the highway committee on an information under his oath, and is entitled, a summary conviction proceedings before the chief burgess. The charge was— digging up and tearing up North Chestnut street, within

the confines of the borough, without obtaining a written permit from the chief burgess, in violation of ordinance No. 80, of the borough, and for collection of the fine or penalty imposed thereby, in conformity to the provisions of the Act of June 4, 1897, P. L. 121. A warrant followed —this defendant with others was arrested, and at a time fixed, a hearing was had before the burgess, when the defendants were convicted of the offense charged upon them in the information, and John Gray was adjudged to have forfeited the sum or fine of fifty dollars and costs. The defendant presented his petition to the Court of Common Pleas, which made an order, "cause being shown the defendant will be allowed an appeal in this case." The record made by the burgess was filed in the Court of Common Pleas, as an appeal by the defendant from a summary conviction. The parties agreed upon the facts in the form of a case stated, and after a full hearing a judgment was entered by the Court of Common Pleas for the defendant, from which the plaintiff has taken this appeal.

The ordinance, on which the action is founded, provides, by the first section, that after its passage, it shall not be lawful, to dig up any street, etc., for any purpose, until a written permit has been obtained from the chief burgess. Section 3 provides: That any person or persons who shall violate this ordinance shall, upon conviction thereof, be fined in a sum, etc., to be recovered as fines of like amount are now recoverable by law.

The record sent up by the burgess presents a case of summary conviction. The defendant was brought before him by a warrant, and not by writ of summons, and he was accordingly convicted and adjudged to have forfeited a fine or sum of money; in default of its payment he was to be committed to the county jail for thirty days. Enforcing the judgment by a fine or imprisonment did not change the character or form of the action—summary conviction—in which he was found guilty. No direct decision by an appellate court has

been presented, and there is a marked conflict in the decisions of our Common Pleas and Quarter Sessions Courts. The validity of the appeal allowed by the Court of Common Pleas in this case depends on the nature of the action in the court of first instance—the court of the chief burgess. Section 2, of the Act of June 4, 1897, P. L. 121, under which the proceeding commenced, provides, "All actions, prosecutions, complaints and proceedings for the violation of borough ordinances, and for the collection of fines and penalties imposed thereby, may be commenced by warrant or by summons at the discretion of the chief burgess or justice of the peace before whom the complaint is made or the proceeding begun,......Warrants shall be returnable forthwith, and upon such return the like proceedings shall be had in all cases, as are or may be directed by law in relation to summary convictions with the same right of appeal from any final judgment entered therein, except where otherwise provided by existing laws. This act did not change the tribunal to which the appeal must be taken, and that must be ascertained by earlier enactments. Our Constitution of 1874, provides by Article V, Section 14: 1 Stewart's Purdon, 179, "In all cases of summary conviction in the Commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof upon cause shown." This section is not self executing, and was made operative by the Act of April 17, 1876, P. L. 29, 4 Stewart's Purdon, 4473, viz: "In all cases of summary conviction in this Commonwealth before a magistrate or court not of record, either party may, within five days after such conviction appeal to the Court of Quarter Sessions of the county, in which such magistrate shall reside, or court not of record shall be held, upon allowance of the said Court of Quarter Sessions, or any judge thereof, upon cause shown, and either party may also appeal, from the judg-

ment of a magistrate or a court not of record, in a suit for a penalty, to the Court of Common Pleas of the county in which said judgment shall be rendered, upon allowance of said court, or any judge thereof, upon cause shown: Provided that all appeals from summary conviction and judgments for penalties, shall be upon such terms as to payments of costs, and entering bail, as the court or judge allowing the appeal shall direct. Article V, Section 14, of the Constitution is not restricted to such cases as were without the right of appeal prior to its adoption, but it embraces all appeals from judgments for penalties or of summary conviction rendered by magistrates or courts not of record: Commonwealth v. McCann, 174 Pa. 19. The Act of 1897, which controls the practice in cases of summary conviction, and in suits for penalties makes no change in the jurisdiction of the respective courts. In Phœnixville Borough v. Eyrich, 42 Pa. Superior Ct. 241, the question was not directly raised, but for fear that it might be misunderstood, we said: "No question is raised either in the record or the argument of counsel as to the right of the defendant, after conviction before the burgess and the imposition of a fine to take an appeal to the Court of Common Pleas. We have therefore not considered this question and express no opinion concerning it. We only notice it so that hereafter, when such a question may be properly before us, this case may not be considered as a precedent on that subject."

It is urged by the appellee that our own cases of Commonwealth v. Dougherty, 39 Pa. Superior Ct. 338, and Commonwealth v. Kephart, 39 Pa. Superior Ct. 524, are conclusive of the question raised here. We do not so interpret them, as the question raised there was the liability of the defendant to a fine imposed under the Act of June 1, 1907, P. L. 386, which imposed on a violator, a fine of sixty dollars and costs, "to be recovered as debts are by law recovered in an action to be instituted by the Commonwealth before an alderman, magistrate

or justice of the peace, and no appeal shall be allowed from any judgment rendered in such case except upon special allowance of the Court of Common Pleas": There was no question raised as to the proper court to which the appeal was to be taken, as the act specifically named that tribunal to be the Common Pleas. The Act of 1876 has been recognized as valid so frequently that we acccept it as such without further discussion: Maguire v. Shenandoah Boro., 109 Pa. 613; Commonwealth, to use, v. McCann, 174 Pa. 19; Thompson v. Preston, 5 Pa. Superior Ct. 154; Commonwealth v. Weimer, 36 Pa. Superior Ct. 452; Commonwealth v. Spotts, 45 Pa. Superior Ct. 100.

In the light of the decisions, we hold that this proceeding was a summary conviction and that the appeal should have been taken to the Court of Quarter Sessions, as directly provided by the Act of 1876. We cannot agree with the learned court below that the railroad company had authority to invade Chestnut street to change its surface and relocate its tracks without consent of the municipal authorities. The case mentions Chestnut street "as a street on the general borough plan or plat, which had been confirmed by an act of assembly, and that the land included within its lines was open to usage by the public." North Chestnut street has been treated by the parties as a public street and highway— extending "from Main street in a northerly direction to a street known as Allen street, crossing the tracks of the Cumberland Valley Railroad Company at grade" and must be now presumed to be a public highway: Sharon Boro. v. Penna. Co., 44 Pa. Superior Ct. 526; Ackerman v. Williamsport, 227 Pa. 591. A municipality has the right and duty, in the exercise of the police power to regulate, inspect and supervise the various appliances which individuals and corporations may acquire the right to introduce and maintain upon and under the surface of the public highways; Pottsville Boro. v. Pottsville Gas Co., 33 Pa. Superior Ct. 480. As stated in

Scranton Gas, Etc., Co. v. Scranton, 214 Pa. 586; The power to control and regulate the streets so as to protect the public health, is one that cannot be bargained away by legislative or municipal grant. The power to control them for the protection of the public safety, if not the same, stands on equally high ground. All authorities agree that such right is both paramount and inalienable—nor is the right limited to the control of the mere surface; it extends to the soil beneath, to whatever extent it may be required in aid of such purposes as fall within the municipal function, in connection with the health and safety of the public. And in Lansdowne Boro. v. Springfield Water Co., 16 Pa. Superior Ct. 494, we held, "The right of a private corporation to break up the public highways of a municipality in the exercise of a franchise conferred upon it by an act of assembly is necessarily subject to the reasonable municipal regulations of the district, enacted for the common good of all its inhabitants, unless specially excluded by the act conferring the right." The defendant corporation is limited by the same restrictions.

The case stated further declares that, in the prosecution of the work of the railroad company on and across Chestnut street, "it necessarily dug up a portion of the said street" without a permit. This was an act prohibited by the ordinance No. 80, making it unlawful to dig up any street or pavement for any purpose, without a written permit from the burgess. The fact that the siding complained of was on an original right of way which the company was authorized to appropriate by its charter, granted more than eighty years ago, is not controlling of their right to dig up and change the public highways in making a new construction on a different location. The defendant is subject to the provisions of this ordinance, and the remedy of the company for the refusal to grant a permit was not by taking the law into its own hands, but by properly proceeding to compel the burgess to perform his duty: Shryock v. Braddock Boro.,

43 Pa. Superior Ct. 508. The description in the deeds, when applied to the map attached, shows that the proposed construction is, in part at least, outside the line of the company's right of way, and there is no authority suggested which authorized a digging up of that portion of the street, however shallow the excavation might be. When a railroad or street railway company attempts to cross a public street without municipal consent, it must point to its power in its charter to do so, and it is immaterial what the condition of the street at that point is, and also that the railroad company owns the land on both sides thereof: Pittsburgh Railways Co. v. Pittsburgh, 226 Pa. 498. It is the reasonable discretion of the municipal authorities that determines the extent of the change in the streets required to meet public necessities, and to that change whatever it may be, short of an abrogation or annullment of the company's right to maintain its system, the company must conform.

The Court of Common Pleas did not have jurisdiction to allow the appeal from the judgment of summary conviction, and should have dismissed the petition for the appeal. The judgment is reversed, and as provided in the case stated judgment is now entered for the plaintiff in the sum of fifty dollars, with costs.