# Commonwealth v. Rockowitz

*Mark Gearhart,* assistant district attorney, for Commonwealth.

*James L. Weirbach,* for petitioners.

*Bernard Frank,* assistant city solicitor, amicus curiae.

Koch, J., February 25, 1958.—On July 26, 1957, at 10:54 p.m., John Rockowitz, Leo Farnschlader and John Bowers were taken into custody by a police officer for violation of Allentown City Ordinance no. 2876, sec. 5, January 29, 1932, which provides as follows:

"Section 5. Any person or persons who shall unnecessarily and willfully obstruct or interfere with the travel upon any foot pavements, sidewalks, or passage way to any church, hall or other public place, or shall lounge, loiter or loaf thereupon or therein, or upon any street corners or public bridges, the person or persons so offending shall be subject to the penalties prescribed by this ordinance."

Specifically, each of the petitioners was charged with the loitering provision of this ordinance and upon hearing before an alderman was found guilty and sentenced to pay a fine of $10 and costs which were paid. Thereupon petitions for allowance of appeal were filed in the court of common pleas and this court granted rules upon the district attorney to show cause why the appeals should not be allowed. Cash bonds in the amount of $100 were filed by each of the petitioners.

The district attorney filed preliminary objections to the petitions for an allowance of appeal and thereafter the city solicitor was granted leave to intervene as an amicus curiae. We readily granted the motion of the city solicitor for the reason that the questions raised in this proceeding may serve to clarify the procedure in appeals from convictions for violations of this as well as similarly worded ordinances of the City of Allentown.

The issues before us require a determination of the following questions: (1) Is the court of common pleas the proper forum for appeal from the "decision" of an alderman on a prosecution by police officers of the City of Allentown for the violation of an ordinance;

(2) has the Commonwealth of Pennsylvania been properly joined as a party to the present appeals and a rule to show cause directed to the district attorney of Lehigh County; (3) have petitioners perfected their appeal as to (a) form, (b) substance?

Article V, sec. 14, of the Pennsylvania Constitution provides as follows:

"In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof upon cause shown."

In pursuance of the foregoing constitutional provision, the legislative enactments commencing with the Act of April 17, 1876, P. L. 29, sec. 1, 19 PS §1189, provided that "in all cases of *summary conviction* in this Commonwealth, before a magistrate or court not of record, either party . . . may . . . appeal to the Court of Quarter Sessions . . ."

The district attorney and city solicitor have filed extensive briefs wherein they undertake to distinguish summary convictions and suits for penalties. We shall not burden this opinion by a lengthy academic discussion on the differences other than to make reference to this summary of Carringer, "Procedure in Summary Convictions in Pennsylvania", 1953, page 8:

"A summary conviction is a criminal proceeding for the trial and punishment of a minor criminal offense under a statute. It is brought in the name of the Commonwealth and its result is a fine or imprisonment, if defendant is convicted, or an acquittal if the offense is not proven. The fine goes to the county or to the Commonwealth as directed by the act under which the prosecution is brought, or, if the act contains no disposition of the fine, it will be paid to the county. Appeal from summary convictions is to the court of quarter

sessions. The distinguishing feature of the summary conviction is its entirely criminal character.

"A suit for a penalty is essentially a civil proceeding. Recovery under a city or borough ordinance imposing a fine is by suit in the name of the city or borough before a justice of the peace or alderman, in the same manner as debts not exceeding $300 are recoverable. The result is a judgment for the penalty and costs, from which a transcript can be filed in the common pleas. The suit will be brought in the name of the borough or city and the proceeds will go into the city or borough treasury. Appeal from this judgment will be to the court of common pleas. While the proceedings are penal in their character, yet they are essentially civil suits and are governed by the laws regulating civil procedure."

In spite of any distinctions, however, petitioners have selected the proper forum by virtue of the Act of May 23, 1874, P. L. 230, sec. 33, 42 PS §911(a), which provides as follows:

"If any person shall think himself aggrieved by any judgment against him as defendant, by the mayor or any alderman of any of the said cities, of the third class, in any action, prosecution or proceeding for any fines, penalties or forfeitures, imposed or enacted by or under any law or statute of this commonwealth relative to the said city, such person may, if the said judgment shall exceed the sum of five dollars, exclusive of costs, appeal from the said judgment to the court of common pleas of the county, in the manner and subject to the same requirements as is provided by law for appeals from justices of the peace."

The cases of Mechanicsburg Borough v. Gray, 61 Pa. Superior Ct. 95; Harborcreek Township School District v. Bennett, 78 D. & C. 261; and Commonwealth v. Gardner, 74 D. & C. 539, called to our atten-

tion by the city solicitor, each involved ordinances of municipalities other than cities of the third class and consequently an analysis of the distinctions between summary convictions and penalties became necessary to determine which court had jurisdiction. However, since the Act of 1874, supra, applies in these appeals, we cannot regard those authorities as binding upon us.

That the instant cases were commenced by information and warrant would not alter our conclusion that essentially they are suits for penalties. See Harrisburg v. Schaflander, 69 D. & C. 141.

We agree with the contention of the district attorney that the petitions in these cases have been erroneously styled in the name of the Commonwealth of Pennsylvania. The Third Class City Law of June 23, 1931, P. L. 932, art. X, sec. 1018, as amended, 53 PS §36017, provides that all actions, prosecutions, complaints and proceedings for the violation of the ordinances of the city, and for fines, penalties and forfeitures imposed thereby, shall be instituted in the corporate name of the city. The transcripts of the proceedings have not been made part of the record and in their absence we must assume that the statutory requirement was complied with. We cannot, therefore, sustain a preliminary objection on the ground that counsel for petitioners chose to caption the case in the name of the Commonwealth rather than the City of Allentown. This is an amendable error. It is true that a large number of cases involving appeals from ordinances in this and other courts have been styled in the name of the Commonwealth but the prevalence of the practice is no indication that it is technically correct. We take this opportunity, therefore, to call to the attention of the bar that the proper method of styling the case in appeals from proceedings under municipal ordinances is to use the name of the applicable municipality rather than that of the Commonwealth.

One of the reasons that the city solicitor has intervened in this case was for the purpose of having a determination of the question whether this type of rule to show cause should be served upon the district attorney or upon the city solicitor and requests this court, in effect, to prescribe the duties of each in regard thereto. The city contends that the appeals should be in the name of the Commonwealth and that consequently the same should be answered and litigated by the district attorney.

We do not deem it within our province in this proceeding to attempt an analysis of the respective duties of these officials. We prefer, however, simply to observe that these appeals should have been styled in the name of the City of Allentown and that since the Act of 1931, supra, provides that the fines and penalties recoverable are to be paid into the city treasury, the official legal officer of the city in the first instance should be served with a copy of the rule to show cause and thereafter take whatever steps are warranted. In the instant cases the rules were served upon the district attorney but this, too, is a mere technicality and we would not, for that reason, quash the appeal.

We come now to the inquiry as to whether petitioners have perfected their appeals as to form and substance.

Lehigh County rule 6 (b), Special Allowance of Appeals, provides as follows:

"(1) Except as otherwise provided by Statute, appeals from the judgment in a suit for a penalty, from a summary conviction and from a judgment in trespass suit for less then $100 will not be allowed except for good cause shown by petition for rule to show cause.

"(2) The petition must show in every case that the appellant has a meritorious defense and the nature

thereof, and in a case other than summary conviction, that the said defense was presented or offered at a hearing before the Subordinate Court. The petition must also show that either the judgment, penalty, fine and costs accrued have been paid or if not paid that bail absolute therefor was filed with the Subordinate Court. In every case, the petition must be accompanied by a bond with approved surety in the amount of $100, unless otherwise ordered by the Court, conditioned to pay costs to accrue."

Each of the petitions filed in these cases allege identical grounds for appeal. They must be subject to scrutiny on the basis of certain well settled principles which may be summarized as follows:

1. To entitle applicant to an appeal the application must show either that he has some specific and well grounded causes for complaint against the judgment, or that there is a substantial dispute in fact or law of such character and moment as to entitle him to have a decision upon it in a higher court: Thompson v. Preston, 5 Pa. Superior Ct. 154; Commonwealth v. Freedman, 161 Pa. Superior Ct. 12.

2. The cause for asking for an allowance of an appeal must actually appear in the record, and the court cannot assume there is a question of law or fact or constitutional question because petitioner says so: Commonwealth v. Stewart, 137 Pa. Superior Ct. 445.

3. An appeal is not permitted because a party is dissatisfied with the result of trial before a magistrate: Commonwealth v. Stewart, supra; Commonwealth v. Dottery, 1 D. & C. 2d 620.

An analysis of the petitions persuades us that good cause has not been shown.

It is clear that the matter of dispute is one of fact and it is not alleged that they did not have full opportunity to present their defenses: Commonwealth v. Freedman, supra. We can readily dispose of the other

allegations by referring to the mandate of our rule 6(*b*) (2) which provides that in *cases other than summary conviction*, the petition must show that the said defense was presented or offered at a hearing before the subordinate court. These petitions do not show that the defenses were presented and neither is there any allegation that petitioners now have evidence, discovered since the trial, which could not by the use of reasonable diligence have been obtained at the trial.

Since petitioners have failed to demonstrate sufficient cause to allow these appeals, the preliminary objections referred to in our order must be sustained and the appeals dismissed.

### Order

And now, February 25, 1958, preliminary objections 5, 6, 7, 8 and 9 are sustained and the appeals dismissed. The prothonotary is directed to refund to petitioners the amount of the cash bail less the costs of these proceedings.