## Commonwealth v. Kaufman.

*S. D. Gettig* (with him *John J. Bower*), for rule.

*John G. Love*, District Attorney, for Commonwealth.

FLEMING, P. J., Jan. 10, 1929.—The defendant seeks the allowance of an appeal from the judgment of the Burgess of the Borough of State College in an alleged violation of a borough ordinance regulating disorderly conduct within such borough.

While the question has not been raised, it is our duty to call attention to the fact that this matter is improperly captioned. A charge for the violation of a municipal ordinance should be brought in the name of the municipality and not in the name of the Commonwealth: Com. *v.* Plasey, 11 D. & C. 368.

The reasons advanced by the defendant in support of his request for the allowance of an appeal are based upon a notice mailed to the defendant, under date of June 27, 1928, and admitted to have been received by him on or about the same date, such notice being signed or stamped by the Chief of Police of the Borough of State College, advising him that he was charged with "traffic violation," and that a hearing would be held at the Fire Hall, Frazier Street, State College, Pa., on June 25, 1928, at 6.15 P. M. The notice is contained in a printed form, and defendant places great stress upon the fact that a line in the same, wherein the printed words "A violation of the Borough Ordinance approved the ——— day of ———" appear, is left blank as to the spaces indicated. The defendant recites that he appeared before the burgess, in response to such notice, on June 29, 1928, and that he was fined the sum of

$18.55; that he offered to take an appeal from such action and was advised that he would be compelled to pay such fine or go to jail; that, having no money with him, he sent to Bellefonte and obtained the money from his father and paid the requested amount under protest. He specifically attacks the notice as follows:

"(a) That the said notice gives no date of approval of any ordinance of the Borough of State College, nor does it apprise any one of an existence of an ordinance of any such nature as indicated in such notice.

"(b) That the alleged ordinance is not quoted in the notice and your petitioner had no knowledge of such an ordinance.

"(c) Your petitioner was illegally and improperly convicted of a violation of an ordinance of which he had no notice or knowledge, nor was he apprised and made acquainted with it, and the notice of an alleged violation not giving the date or place of record of any ordinance or the terms, conditions, provisions and contents of any ordinance that your petitioner had violated."

The reasons assigned deal exclusively with the jurisdiction of the burgess and the manner in which the same was attempted to be exercised. They concern the record of the burgess and refer in no manner to the merits of the alleged conviction.

Article x, section 1027, of the Act of May 4, 1927, P. L. 519, being the General Borough Act, and prescribing the powers of the burgess, gives to that official the power and jurisdiction of justices of the peace in the enforcement of all ordinances of the borough. The complaints of the defendant all assert that he did not exercise such powers in the manner prescribed by law. No attack is made upon the merit of the burgess's action, nor does the defendant assert in his petition that he is not guilty of any violation of any ordinance. We are of the opinion that no grounds for an appeal appear. If any review should be made of the action of the burgess, it would be by way of certiorari and not by appeal.

The words of Reed, P. J., in Punxsutawney Borough v. Dumont, 63 Pitts. L. J. 157, are peculiarly applicable to this case, wherein it is said: "There is no authority in the court on the present application (which was a rule for leave to appeal from summary conviction) to deal with the case as though it had originated on a certiorari to the burgess. The procedure of the burgess may not have conformed to all the requirements of a summary conviction proceeding, and the court might have been compelled, on a review of this record on a writ of certiorari, to have reversed the judgment entered by the burgess. But it does not follow that an appeal should be allowed because of such irregularities in the record. On this application, the court is confined to an examination of the petition presented in determining whether cause for an appeal has been shown or not: Com. v. Menjou, 174 Pa. 25. It has been repeatedly decided that an appeal should not be allowed save for cause shown: McGuire v. Shenandoah, 109 Pa. 613; Com. v. Eichenberg, 140 Pa. 158; Thompson v. Preston, 5 Pa. Superior Ct. 154."

The petition herein presented may allege irregularities in the record and form of procedure, but it is wholly silent as to the merits of the case. The defendant appeared and had an opportunity to be heard. He does not aver that he is not guilty of the offense attempted to be charged or anything equivalent thereto. He rests his petition solely upon the record, stressing the failure of the notice to give information as to the ordinance violated. We are of the opinion that his petition presents no proper grounds for appeal.

And now, Jan. 10, 1929, the rule is discharged and the prayer of the petitioner defendant for leave to appeal is refused.