## COMMONWEALTH v. R. EICHENBERG.

APPEAL BY J. S. SCHRUNK FROM THE COURT OF COMMON PLEAS OF LEHIGH COUNTY.

Argued February 4, 1891—Decided February 16, 1891.

1. Neither § 14, article V. of the constitution, nor the act of April 17, 1876, P. L. 29, gives an appeal in cases of summary conviction as a matter of right. An appeal can be had only, "upon allowance by the court;" that is, upon cause shown: McGuire v. Shenandoah, 109 Pa. 613.

2. One who travels through the county, as the employee of a store kept therein, and without a license solicits orders and afterwards delivers goods to the persons ordering, is not subject to the penalty of $50 imposed by the Lehigh county peddler act of April 10, 1869, P. L. 835.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 93 January Term 1891, Sup. Ct.; court below, number and term not given.

On July 18, 1890, John L. Schrunk presented his petition representing that he had instituted an action in the name of the Commonwealth of Pennsylvania, ex relatione John L. Schrunk, against Richard Eichenberg, before John W. Sepp, an alderman, to recover from the defendant the penalty of $50 incurred for peddling foreign and domestic goods within the county of Lehigh without a license, contrary to the act of April 10, 1869, P. L. 835; that, after a hearing had before the said alderman, on July 12, 1890, the alderman entered judgment publicly for the defendant and against the plaintiff, and on the same day the petitioner applied for an appeal; that the evidence upon which it was sought to recover judgment against

the defendant for illegal peddling, was of the following character: The defendant, being in the employ of the Grand Union Tea Company, who had a place of business in the city of Allentown, Lehigh county, where the company paid a mercantile license, came to the houses of various persons residing in the borough of Catasauqua, at divers times, and took orders for coffee, tea and spices; he came with a wagon, would subsequently deliver the goods ordered, and then take new orders for future delivery. The petitioner, submitting a transcript of the record of the proceedings in said case, showing the evidence presented as a part thereof, prayed the court to allow the entry of an appeal, in said action, for the reason that the said judgment was against the law and the evidence.

An answer having been filed to a rule to show cause granted, after argument thereof on petition and answer, the court, ALBRIGHT, P. J., on October 20, 1890, ruled that " what the defendant did was not peddling, nor did it make him liable to the penalties of the Lehigh county peddlers act of April 10, 1869, and dismissed the petition. Thereupon the petitioner took this appeal, specifying that the court erred in dismissing the petition for the allowance of an appeal.

*Mr. Marcus C. L. Kline,* for the appellant.

That the present appeal would lie, counsel cited: Section 14, article V. of the constitution; § 1, act of April 17, 1876, P. L. 29; Beale v. Dougherty, 3 Binn. 432; Commonwealth v. Judges, 3 Binn. 275; Grubbs' App., 82 Pa. 31; Ruhlman v. Commonwealth, 5 Binn. 24; Overseers v. Smith, 2 S. & R. 366; Commonwealth v. Betts, 76 Pa. 471; Commonwealth v. McGinnis, 2 Wh. 113; Chase v. Miller, 41 Pa. 411; Commonwealth v. Burkhart, 23 Pa. 521; Commonwealth v. Beaumont, 4 R. 366; Baker v. Williamson, 2 Pa. 116; Aurentz v. Porter, 48 Pa. 335. That the defendant was liable to the penalty: Gibson v. Kauffield, 63 Pa. 168; Commonwealth v. Gardner, 133 Pa. 284; Warren Bor. v. Geer, 117 Pa. 207; Graffty v. Rushville, 107 Ind. 502 (57 Am. Rep. 128); Commonwealth v. Ober, 12 Cush. 495.

*Mr. Edward Harvey,* for the appellee.

Counsel cited: (1) McGuire v. Shenandoah, 109 Pa. 616.

(2) Renninger v. Thompson, 6 S. & R. 1; Bain v. Funk, 61 Pa. 185; Holland v. White, 120 Pa. 228; Wetherald v. Shupe, 109 Pa. 389; Jutte v. Conley, 4 Penny. 90; Commonwealth v. Davis, 109 Pa. 128. As to hawking and peddling: Commonwealth v. Gardner, 133 Pa. 289; Commonwealth v. Farnum, 114 Mass. 267; Commonwealth v. Ober, 12 Cush. 495; Fisher v. Patterson, 13 Pa. 339; Rex v. McKnight, 10 B. & C. 734.

PER CURIAM:

The plaintiff brought this suit before alderman Sepp, of Allentown, against the defendant, to recover the penalty for peddling without license under the act of April 10, 1869. The alderman gave judgment in favor of the defendant, in which he was clearly right, as the evidence which he sets forth upon the face of his transcript shows very conclusively that the defendant was not a peddler, within the meaning of the act of 1869. On the contrary, he kept a store in the city of Allentown, and merely solicited orders through the county of Lehigh for his goods. When such orders were given he subsequently delivered the goods. We do not understand the act of 1869 to interfere with a merchant, having a fixed place of business, soliciting orders from persons either in the town where his store is located or elsewhere.

After the alderman had entered the judgment in favor of the defendant, the plaintiff made application to the court below for leave to enter an appeal, which was refused. This refusal is assigned as error here. Neither the fourteenth section of article V. of the constitution, nor the act of April 17, 1876, gives an appeal, as a matter of right, in cases of summary convictions. They can only be had "upon allowance by the court," which means, upon cause shown: McGuire v. Shenandoah, 109 Pa. 613. The plaintiff, here, instead of showing any proper ground of appeal, shows very clearly that he had no cause. The alderman entered a proper judgment, and the court below was right in refusing to allow the appeal. We may add, further, that the act referred to gives no appeal to this court, and we might well quash it for that reason. As, however, the record has been brought here upon a writ of certiorari, we have concluded to affirm the judgment.

Judgment affirmed.