Commonwealth of Pennsylvania, for use of Allegheny County and Eastburn Reeder, Dairy and Food Commissioner for the State of Pennsylvania, *v.* Albert Menjou, Appellant.

174        25
29 SC 2431
174        25
31 SC  445
174      25
39SC1528

*Justice of the peace—Appeal—Judgment for penalty—Constitution, article 5, sec. 14.*

Under art. 5, sec. 14, of the constitution of 1874, an appeal from a judgment for a penalty before a justice of the peace by default of defendant's appearance will not be allowed by the court into which the appeal must regularly come or a judge thereof, unless defendant shows some reason for not having availed himself of the full and fair opportunity which was accorded him to be heard before a justice of the peace.

Defendant was summoned before a justice of the peace for unlawfully selling oleomargarine.   The summons was regularly served, but defendant declined to appear and judgment was entered against him.   Subsequently he petitioned the court of common pleas to allow an appeal.   In his petition he did not account for his nonappearance before the justice, but stated three reasons for asking that an appeal be allowed: (1) That

he was innocent of the offense charged; (2) that the magistrate did not observe the rules of evidence in the examination of witnesses; (3) that the representative of the dairy and food commissioner was unable to show proper authority for acting as such agent. *Held,* that as the actual legal effect of the petition was simply to deny liability to the penalty, and as defendant had had an opportunity to make his defense, the Supreme Court would not reverse the lower court for refusing to allow the appeal.

Argued Jan. 29, 1896. Appeal, No. 116, Oct. T., 1895, by defendant, from order of C. P. No. 1, Allegheny Co., March T., 1895, No. 479, refusing to allow an appeal from a summary conviction. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Petition for an allowance of an appeal from a summary conviction.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order refusing appeal.

*Richard B. Scandrett,* for appellant.

*K. T. Meade,* for appellee.

OPINION BY MR. JUSTICE WILLIAMS, February 24, 1896:

The defendant was sued under the provisions of the act of May 21, 1885, for the penalty provided for an unlawful sale of oleomargarine.

The summons was issued on the 10th day of January, 1895, returnable on the 18th. It was served on the defendant personally but he declined to appear. On the return day the prosecutor appeared with his witnesses and the case was fully heard, after which judgment was rendered in favor of the commonwealth and against the defendant for the penalty of $100 and costs. On the 23d day of January the defendant appeared in the court of common pleas of Allegheny county No. 1, with a petition asking that court to allow an appeal from the said judgment into the court of common pleas under the provisions of the act of April 7, 1876. On the same day the application was refused. No opinion was filed by the learned judge. We are now asked to review this action so taken and determine whether the appeal should not have been allowed. There can be no

question of the power of the court of common pleas or any judge thereof to allow an appeal from a judgment rendered by a magistrate, or a court not of record, for a penalty. That subject was considered in Commonwealth v. McCann which has just been decided, supra, p. 19, and we there held that art. 5, sec. 14, of the present constitution, and the act of 1876 passed in pursuance of it and to give effect to its provisions, vested the power to allow an appeal in the court into which the appeal must regularly come, and that this power might be exercised by the court or by any judge thereof. We must turn therefore to the petition and inquire whether any sufficient reason why an appeal should be allowed in the particular case was therein brought to the attention of the court below. Upon examination we find the petition states three reasons for asking that an appeal be allowed. These are first, that the petitioner is innocent of the offense charged. Second, that the magistrate did not observe the rules of evidence in the examination of witnesses. Third, that the representative of the "Dairy and Food Commissioner was unable to show any authority for acting as such agent except the certificate alleged to have been signed by Eastburn Reeder, Dairy and Food Commissioner."

It does not account for the nonappearance of the petitioner at the trial. Practically it admits service of the summons, and an opportunity to be heard in his defense, and asks the court of common pleas to allow him another opportunity to defend because he deliberately declined to avail himself of that which was offered him in the court from whose judgment he seeks to appeal. The second and third reasons are averred on information. Reduced to its actual legal value the petition simply denies liability to the penalty. It is a general plea of not guilty, entered after judgment in a proceeding of which the petitioner had ample notice and before a magistrate whom the law had clothed with the power to hear and determine the truth or falsity of the complaint.

If the failure to appear had been accounted for so that it was made apparent that the petitioner had really had no opportunity to make his defense and would be condemned to pay the penalty without a chance to be heard unless an appeal was allowed, the court of common pleas would no doubt have granted the prayer of the petitioner and given him a chance to make his

defense in that court. But he has had a fair and full opportunity to be heard. He shows no reason for not availing himself of it. Having chosen to make default he should present some reason why he should now be relieved from a position which he has deliberately assumed, or abide by the consequences.

The decree appealed from is affirmed. The costs to be paid by the appellant.