Commonwealth of Pennsylvania for use of Allegheny County, and Levi Wells, Dairy and Food Commissioner of the State of Pennsylvania, *v.* James Hendley, Appellant.

*Oleomargarine—Illegal furnishing by restaurant keeper.*

A public caterer, who, for gain, furnishes oleomargarine as a part of a meal to his guests, is subject to the penalty provided by the act of assembly.

The discretion of the court below in refusing an appeal will not be disturbed, where the petition therefor is based on an allegation that, while the other constituents of the meal were sold, butter and oleomargarine were kept, for accommodation of the patrons of the establishment, for which no price was charged; this defense having been presented to the alderman and passed on by him.

*Appeals from magistrates on summary convictions—Discretion of court—Practice, Superior Court.*

Appeals from a magistrate on summary convictions should not be allowed save for cause shown. The whole matter rests in the sound discretion of the court below, and an appeal to the Superior Court must be regarded as a substitute for a certiorari. Thompson v. Preston, 5 Pa. Superior Ct. 154, followed.

Submitted April 25, 1898. Appeal, No. 138, April T., 1898, by defendant, from decree of C. P. No. 1, Allegheny Co., Dec. T., 1897, No. 680, refusing appeal from judgment of alderman. Before RICE, P. J., WICKHAM, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Petition for appeal from judgment of magistrate, imposing penalty for sale of oleomargarine. Before C. P. No. 1, Allegheny county.

The facts appear from the following petition :

" To the honorable the judges of the court of common pleas No. 1 of Allegheny county.

" Your petitioner respectfully represents :

" That on Tuesday the 26th day of October, A. D. 1897, judgment was given against him and in favor of the above named plaintiff in the penalty of one hundred dollars by P. B. Reilly, Esq., an alderman in and for the county of Allegheny, for an alleged violation on October 2, 1897, of the act of the

general assembly, entitled ' An act for the protection of the public health and to prevent the adulteration of dairy products and fraud in the sale thereof,' approved May 21, A. D. 1885, upon information that the said defendant had in his possession with intent to sell, and did expose for sale and actually sold as an article of food manufactured out of an oleaginous substance and of a compound of the same other than that produced from unadulterated milk or cream from the same the said article not being in an unbroken package, transported from another state of the United States, or from a foreign country at the time it was had and sold as aforesaid, contrary to and in violation of the act of the general assembly of the commonwealth of Pennsylvania.

" Your petitioner avers that he is not guilty as alleged in said charge of violation of said act of the general assembly and he further avers that he is not interested in any business whatever where oleomargarine or any of its compounds are sold, that he did not have in his possession with intent to sell, or expose for sale, or sell oleomargarine on said 2d day of October, 1897, nor at any other time before or since said date.

" On the contrary your petitioner avers that at the hour set for the hearing in the above stated case, he appeared before said magistrate with his witnesses and testified that he was a proprietor of a restaurant located in the city of Pittsburg, where all the articles sold by him were sold at a price named on the bill of fare, the same being so much for bread, another price for coffee, another price for meat, and so on through the entire bill of fare, each article sold, or exposed for sale, being itemized, and the price attached thereto ; that butter was not on the bill of fare, nor was it a part thereof, nor was any difference made in the price charged for any or all the items named on defendant's said bill of fare, whether butter was asked for and used, or not.

" This affiant averring that while oleomargarine or butter was not upon the bill of fare, nor that it constituted a part thereof, yet for the accommodation of his patrons he had a large bowl at all times containing small platters of butter or oleomargarine, in large or small numbers as they might require, for which no price was asked.

" Your petitioner further avers that unless he is allowed a trial

by jury, a great injustice will have been done him and he will be compelled to pay money that is not justly due.

"Your petitioner therefore prays your honorable court that he be allowed to appeal from said judgment as provided for in the act of the general assembly, approved the 11th of April, 1876.

"JAMES HENDLEY."

*Error assigned* was refusing appeal from the alderman.

*S. R. Huss*, with him *K. T. Meade*, for appellant.—Under the arrangement adopted by the defendant it was impossible to make a sale of butter or oleomargarine. It was not kept on the premises with intent to sell, it was not exposed for sale, nor was it sold. It was given away. This method was not a scheme for the purpose of evading the law but a legitimate arrangement by which he might honestly avoid violating the law. His only object was to protect himself from the deception practiced upon him by the dealers or the persons engaged in the traffic of selling butter.

*E. W. Moore*, for appellee.

OPINION BY WICKHAM, J., May 17, 1898:

The defendant, a restaurant keeper, was sued and convicted, before an alderman, for violation of the Act of May 21, 1885, P. L. 22, prohibiting the sale of imitation butter, etc. In his petition to the common pleas, for the allowance of an appeal, he alleges, in effect, that while he sold his bread, meat, coffee and other articles of food to his patrons, he generously gave away his oleomargarine. To use his own words, "for the accommodation of his patrons he had a large bowl at all times containing small platters of butter or oleomargarine, in large or small numbers, as they might require, for which no price was asked."

This defense was duly presented to the alderman, and he, doubtless being satisfied, from a consideration of the evidence offered on both sides, that it was the same old and threadbare subterfuge so often unavailingly resorted to by unlicensed liquor dealers, and that the transaction was in reality a sale,

although pretendedly a gift, found against the defendant. Parenthetically we may observe, that the guest who would frequently resort to the defendant's place, to eat nothing but oleomargarine would doubtless soon find out, that it was not on the free list.

In view of the decisions of our Supreme Court in Commonwealth v. Miller, 131 Pa. 118, and Commonwealth v. Weiss, 139 Pa. 247, the law is now settled, that a public caterer, who, for gain, furnishes oleomargarine as part of a meal to his guests, is subject to the penalty provided by the act of assembly.

Merely in order to have another trial, in another forum, and so far as we can see, on the same evidence, the defendant asked the court below to allow him an appeal. To secure such appeal, proper cause should be shown: Act of April 17, 1876, P. L. 29; McGuire v. Shenandoah, 109 Pa. 613; Commonwealth v. Eichenberg, 140 Pa. 158. In Thompson v. Preston, 5 Pa. Superior Ct. 154, it was said: "Ordinarily an appeal should not be permitted if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption, or disregard of law on the part of the magistrate, or after-discovered evidence which would justify a new trial under the well-known rules, relating to new trials, for that cause. Neither art. V., sec. 14 of the constitution nor the act of 1876, which was passed to carry it into effect, contemplates that an appeal should be allowed merely, because the party desiring it is dissatisfied with the result of the trial before the magistrate, as is the case with most defeated litigants, and cheers himself with hopes of better success in the next encounter."

The whole matter rests in the sound discretion of the court below. In the case before us the proceedings appear to be regular; there is nothing to even suggest an abuse of such discretion, hence we cannot say that the denial of the appeal was wrong. Without going outside of the record proper, we cannot know just what was considered by the court below. It had the right to look at the evidence offered before the magistrate, in behalf of both the Commonwealth and the defendant, and other matters which may not be examined into here, as

the appeal to this court must be regarded as a substitute for a certiorari.

The order of the court below is affirmed at the appellant's cost.