## Commonwealth *v.* Weimer, Appellant (No. 1).

*Appeals—Summary conviction—Transcript of magistrate's record.*

The Superior Court will not reverse the action of the court below in refusing a defendant's petition for the allowance of an appeal from a summary conviction before a magistrate, where the transcript of the magistrate's record is not produced for the consideration of the appellate court.

Argued Feb. 25, 1908. Appeal, No. 236, Oct. T., 1907, by defendant, from order of Q. S. Lebanon Co., Dec. T., 1907, No. 30, refusing allowance of appeal from summary conviction in case of Commonwealth v. Edgar A. Weimer. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Petition for allowance of appeal from summary conviction for violating the fish laws.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

J. G. Adams, with him *Walter C. Græff,* for appellant.

*Warren G. Light,* for appellee.

OPINION BY RICE, P. J., July 15, 1908:

We are asked in this case to reverse the action of the court below in refusing the defendant's petition for the allowance of an appeal from a summary conviction before a magistrate, without having before us the transcript of the magistrate's record. All that we have are the defendant's petition, and the order of the court refusing the appeal. The constitutional provision upon the subject, which was carried into effect by the Act of April 17, 1876, P. L. 29 is as follows: "In all cases of summary conviction in this commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof upon cause shown." As was said in Thompson v. Preston, 5 Pa. Superior Ct. 154, and again in Commonwealth v. Hendley, 7 Pa. Superior Ct. 356, neither that provision of the constitution nor the act of 1876 contemplates that an appeal shall be allowed merely because the party desiring it is dissatisfied with the result of the trial before the magistrate; the whole matter rests in the sound discretion of the court below. And again as was said in the latter case, "without going outside of the record proper, we cannot know just what was considered by the court below. It had the right to look at the evidence offered before the magistrate, in behalf of both the commonwealth and defendant, and other matters which may not be examined into here, as the appeal to this court must be regarded as a substitute for a certiorari." Undoubtedly for an abuse of discretion the party aggrieved by the refusal of the appeal would have a remedy in this court, but the abuse of discretion must appear somewhere in the proceedings sent up to us for review. Apparently the decision of the case before the magistrate depended upon the determination of questions of fact arising upon the evidence submitted to him, and in determining whether an appeal should be allowed from his decision the court was not confined to a mere examination of his petition nor compelled to take its allegations for verity. Many things might occur upon the hearing of such an application which it would be proper for the court to consider, but which we can-

not consider because there is no way to bring them upon the record. It is suggested in the appellant's argument that the case raises a difficult question of law, and we may say that if this appeared in the transcript of the magistrate and the transcript were before us this might be ground for holding that the court ought to have granted the appeal. But as we have suggested the transcript is not sent up and it is impossible to see how we can convict the court below of an abuse of discretion, unless it be held that upon an appeal from the action of the court the facts averred in the petition must be accepted for verity. We are not prepared to go to that extent. We see no substantial ground upon which we can base a decision substituting our discretion for that of the court in which it is reposed by the statute.

The appeal is dismissed.