## Commonwealth, Appellant, *v.* Spotts.

*Fish law—Summary conviction—Appeals—Discretion of court—Review.*

1. The allowance of an appeal from a summary conviction before a justice of the peace of a violation of the fish laws is within the discretion of the quarter sessions; and a judgment of the quarter sessions refusing such an appeal will not be reversed by the Superior Court, except where it clearly appears that there has been an abuse of the discretion by the quarter sessions.

2. The action of the court of quarter sessions in refusing to allow an appeal from a justice of the peace in such a case will not be reversed, where it appears that the averments of the petitioner for the appeal amounted to nothing more than an assertion that the opinion of the petitioner differed from the justice's findings of fact and conclusions of law without any statement as to what the evidence was, or what the law should have been; and equally immaterial is an averment that in the opinion of the petitioner and from what he had heard from others, and from what the justice had afterwards said to him, he believed the magistrate was under coercion or duress.

Argued March 15, 1910.    Appeal, No. 24, March T.,

1910, by plaintiff, from judgment of Q. S. Perry Co., Jan. Sess., 1910, No. 5, refusing an appeal in case of Commonwealth v. Charles A. Spotts. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition for an appeal from a summary conviction under the fish laws.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal of the appeal.

*William M. Hargest*, assistant deputy attorney general, *Seibert & Seibert, J. E. B. Cunningham*, deputy attorney general, and *M. Hampton Todd*, attorney general, for appellant, cited: Com. v. Kenney, 32 Pa. Superior Ct. 544; Com. v. Rosenthal, 3 Pa. C. C. Rep. 26; Com. v. Massinger, 13 Pa. Dist. Rep. 621; Com. v. Jolly, 15 Pa. Dist. Rep. 305.

*Luke Baker*, for appellee, filed no printed brief.

OPINION BY PORTER, J., March 3, 1911:

The record as printed in the paper-book of the appellant is incomplete, in that it entirely fails to show the transcript of the proceedings before the magistrate, which resulted in the judgment from which the commonwealth sought to appeal. The only parts of the record which are printed, are the information and the petition to the court below for the allowance of an appeal from the judgment of the magistrate; from which we gather the following facts: the defendant was charged before a magistrate in a summary proceeding with a violation of the Act of May 1, 1909, P. L. 353, entitled "An act to classify the fish in the waters within this Commonwealth . . . . and to regulate the catch and sale and encourage the propagation of the same &c." The defendant appeared before the magis-

trate and was, after a hearing, discharged. The prosecutor, on behalf of the commonwealth, then presented a petition to the court below praying for the allowance of an appeal to the court of quarter sessions. That court made an order refusing to allow the appeal, which order is here assigned for error.

The nature and limits of our jurisdiction to review the action of the court below in refusing to allow an appeal from the judgment of a magistrate, in a proceeding for the summary conviction of a defendant, have been well defined by both this and the Supreme Court. Neither art. V, sec. 14 of the constitution nor the Act of April 17, 1876, P. L. 29, which was passed to carry it into effect, contemplates that an appeal should be allowed merely because the party praying for it is dissatisfied with the result of the trial before the magistrate, as is the case with most defeated litigants. The purpose of the constitutional provision and of the statute was to vest in the court to which the petition for the allowance of an appeal from the judgment of the magistrate must be presented, a discretion to determine whether the appeal should or should not be allowed. The court of quarter sessions being thus vested with discretion in this matter, its action should only be reversed where an abuse of discretion clearly appears. The appeal to this court in these statutory proceedings is in the nature of a certiorari, and in considering it we cannot go outside of the record. An appeal from the judgment of a magistrate in a summary conviction should not be allowed save for cause shown, and the cause should be stated in the petition: McGuire v. Shenandoah Borough, 109 Pa. 613; Commonwealth v. Eichenberg, 140 Pa. 158; Commonwealth v. Menjou, 174 Pa. 25. Judge WICKHAM who spoke for this court in Thompson v. Preston, 5 Pa. Superior Ct. 154, and Commonwealth v. Hendley, 7 Pa. Superior Ct. 356, said, referring to the allowance of appeals by the courts of quarter sessions: "Ordinarily an appeal should not be permitted, if the party desiring it has had an opportunity to fully and fairly present his

case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or after discovered evidence which would justify a new trial, under the well known rules relating to new trials for that cause."

We must, therefore, turn to the petition, which the appellant presented to the court below, to ascertain whether the reasons there set forth for the allowance of an appeal were of such a character as to make it evident that the refusal of the appeal involved an abuse of discretion upon the part of the court. The petition alleged three reasons for the allowance of the appeal: (1) That the magistrate grossly and wantonly disregarded the evidence adduced on the part of the commonwealth; (2) that the magistrate grossly and wantonly disregarded the provisions of the said act of assembly; and (3) that from statements made by said magistrate "to others before the time fixed for the hearing and to your petitioner and others after said hearing, it appeared to your petitioner that the said justice of the peace was under coercion or duress by some person or persons, to your petitioner unknown and in favor of the said Charles A. Spotts." We are unable to say that these allegations were of such a character as to render the refusal of the appeal an abuse of discretion upon the part of the court below. The first reason amounts to no more than an assertion that the opinion of the petitioner, as to the facts established by the evidence, differed from that of the magistrate, the petitioner made no attempt to fortify his opinion by stating what evidence had been produced, or whether any evidence had been produced which would have warranted the magistrate in convicting the defendant. The second reason was no more than an assertion that the opinion of the petitioner, as to the law, differed from that of the magistrate. He made no attempt to aver what the law was or what the magistrate had held it to be. The third reason was simply an averment that, in the opinion of

the petitioner, from what he had heard from others and from what the magistrate had afterwards said to him, he believed the magistrate was under coercion or duress. Here again he utterly failed to set forth the ground upon which his opinion was based. Reduced to its legal value, the petition simply asserted that in the opinion of the petitioner the magistrate had made a mistake as to the facts and as to the law and that he had been under some sort of duress. This petitioner was not the person in whom the law had vested the discretion to determine whether an appeal should be allowed in this case, his opinion was not that which was to govern. He ought to have set forth the facts upon which his opinion was founded, and the court would then have been in possession of the information which would enable it to act in the manner contemplated by law. The specification of error must be dismissed.

We deem it proper to say that this disposition of the case is not to be construed as an adoption of the views expressed in the opinion of the learned judge of the court below, which is not a part of the record proper, as to whether the court of quarter sessions has jurisdiction to allow an appeal, upon the petition of the commonwealth, when in a proceeding for summary conviction the defendant is discharged by the magistrate. Whether the court of quarter sessions has jurisdiction, under the constitutional provision and the statute, to allow an appeal by the commonwealth, can be determined when a defendant is convicted in the court of quarter sessions after having been discharged by a magistrate. It is not in this case necessary to express an opinion upon that question.

The order appealed from is affirmed; the costs to be paid by the appellant.