Commonwealth *v.* Stewart, Appellant, et al.

Argued September 25, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*S. Khan Spiegel,* with him *Wm. M. Kahanowitz,* for appellant.

**446**

*Fred B. Trescher,* City Solicitor, with him *Chas. D. Copeland,* District Attorney, for appellee.

OPINION BY STADTFELD, J., November 17, 1939:

On April 2, 1939, the defendant, Charles H. Stewart and seventeen other persons, members of "Jehovah's Witnesses", were arrested in the City of Jeannette, Westmoreland County, Pennsylvania, charged with having violated Ordinance No. 60 of the City of Jeannette, which ordinance regulates the canvassing for or soliciting of orders for goods, paintings, pictures, wares or merchandise of any kind within the City of Jeannette. All of the defendants were given a hearing on April 3, before John M. O'Connell, Mayor of the City of Jeannette, and he found the defendants guilty of violating the ordinance and fined the defendants $50 each, and ordered them to pay the costs or undergo imprisonment in the county jail for a period of five days.

On April 6, 1939, a petition for an appeal was presented to the Court of Quarter Sessions of Westmoreland County. The appellants did not attach to the petition, a copy of the ordinance or a copy of the information and a transcript of the record of their conviction. The court refused to grant the defendants an appeal.

On April 20, 1939, petition for re-argument was filed and on the 28th of April, 1939, the court again refused to allow the defendants to take an appeal.

This appeal is from the order by LAIRD, J., refusing the defendants' petition for allowance to take an appeal. The court below, in refusing the appeal, relied on the case of *Pittsburgh v. Ruffner,* 134 Pa. Superior Ct. 192, 4 A. 2d 224, as also *Commonwealth v. Hendley,* 7 Pa. Superior Ct. 356.

Appellants, in their petition for an appeal, assert that the ordinance is "unconstitutional and invalid for the reason that the said ordinance violates the Fourteenth Amendment of the Constitution of the United

States, restricting the 'Freedom of the Press' and prohibiting the 'free exercise of petitioners' religion'"; also that the ordinance is contrary to and in violation of the First Amendment of the Constitution of the United States.

Nowhere in the petition is there an averment that appellants did not have a fair or full hearing before the Mayor. The petitioners aver that they in no way violated the said ordinance or any provision thereof and that they were not engaged in canvassing or soliciting orders for goods, wares, merchandise or pictures in the City of Jeannette. It avers that at the time of their arrest, they were preaching the gospel in obedience to God's command, by calling upon people at their homes and exhibiting to them a message of said gospel in printed form. The petition for re-argument in the court below avers that there is a dispute as to the facts, but what this dispute is is not specified; nor does it aver wherein the provisions of the ordinance violate any of the constitutional provisions referred to.

The principles upon which an appeal from a summary conviction may be allowed are well established by numerous decisions of this court and of the Supreme Court. "Neither the fourteenth section of article V. of the constitution, nor the Act of April 17, 1876, gives an appeal, as a matter of right, in cases of summary convictions. They can only be had 'upon allowance by the court,' which means, upon cause shown": *Commonwealth v. Eichenberg,* 140 Pa. 158, 160, 21 A. 258. *Thompson v. Preston,* 5 Pa. Superior Ct. 154, likewise holds that an appeal from a summary conviction before a court not of record should not be allowed save for cause shown. In that case, the court said, p. 157: "...... Ordinarily an appeal should not be permitted, if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is

something to indicate oppression, corruption or disregard of law on the part of the magistrate, ......".

All of the cases on the subject demonstrate that the cause for asking for the allowance of an appeal must actually appear in the record, and that the court cannot assume there is a question of law or fact or constitutional question because the petitioner says so.

In *Commonwealth v. Weimer, Appellant,* 36 Pa. Superior Ct. 451, we held that this court will not reverse the action of the court below in refusing defendant's petition for the allowance of an appeal from a summary conviction before a magistrate, where the transcript of the magistrate's record is not produced for the consideration of the appellate court. See also *Com. v. Spotts,* 45 Pa. Superior Ct. 100. The record, as it appears before us, contains no transcript of appellant's conviction so as to indicate what evidence had been produced and whether the evidence failed to warrant the conviction. Nor does the record contain a copy of the ordinance of the City of Jeannette, the constitutionality of which is challenged by defendants' petition to the lower court.

*Thompson v. Preston,* supra, p. 158, states, "Neither art. V., sec. 14 of the constitution, nor the act of 1876, which was passed to carry it into effect, contemplates that an appeal should be allowed merely because the party desiring it is dissatisfied with the result of the trial before the magistrate, as is the case with most defeated litigants, and cheers himself with hopes of better success in the next encounter." The whole matter rests in the sound discretion of the court below.

The state of the record before us presents no basis for holding that there was any abuse of discretion on the part of the court below in refusing the appeal.

Appeal dismissed.