## Commonwealth *v.* Freedman, Appellant.

Argued April 21, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Menno B. Rohrer,* for appellant.

*John L. Hamaker,* District Attorney, did not appear or file a brief for appellee.

PER CURIAM, July 17, 1947:

Defendant was charged on information with the violation of section 814 (a) of the Act of May 1, 1929, P. L. 905, as amended by the Act of May 21, 1943, P. L. 310, 75 PS 401 (a), which provides that ". . . it shall be unlawful . . . for any person at any time to use a horn or other warning devices otherwise than as a reasonable warning, or to make any unnecessary or unreasonably loud or harsh sound by means of a horn or other warning device." Any person violating the provisions of this subsection shall, upon summary conviction before a magistrate, be sentenced to pay a fine of $10 and costs

of prosecution and, in default of payment thereof, undergo imprisonment for not more than five days.

The record shows that defendant attended the hearing before the magistrate and pleaded not guilty. Defendant presented his evidence to the charge, and he and his witnesses testified at the hearing. Witnesses for the Commonwealth testified to the effect that "defendant was making unreasonably loud noise with auto horn from Green and S. Duke Street to Chester St., to North St., to Locust and S. Duke St., in the City of Lancaster, Pa.," on September 28, 1946, at about 10:55 p.m. (D. S. T.). This testimony conforms to the time and place alleged in the information.

After a full hearing and after duly considering the testimony, the magistrate found defendant guilty.[1]

Within five days after the conviction defendant petitioned the Court of Quarter Sessions of Lancaster County to allow an appeal from the judgment of the magistrate, upon the summary conviction, which was refused by that court. See Article 5, section 14, of the Constitution of Pennsylvania, PS; Act of April 17, 1876, P. L. 29, as amended by Act of April 1, 1925, P. L. 98, 19 PS 1189. Defendant has appealed from the order.

The court below in its opinion refusing to allow the appeal sets forth its reasons as follows:

"First. The record shows that the matter in dispute is one of fact as to which the party desiring the appeal had full opportunity to present his side, being represented by counsel at the meeting before the alderman. The defendant and three witnesses for the defendant testified at the hearing.

"Second. There is no doubtful legal or constitutional question involved in the proceedings.

"Third. There is nothing to indicate that the defendant was a victim of oppression or bias on the part of the alderman.

---

[1] The sentence was that defendant pay a fine of $10 and costs of $4.60. The fine and costs were paid immediately after sentence.

"Fourth. The petition for appeal shows no newly discovered evidence or evidence tending to impeach the credibility of any of the witnesses."

Appellant's contention is that the refusal of the appeal constituted an abuse of discretion on the part of the court below in that no evidence was produced at the hearing before the magistrate showing or tending to show that the alleged sounding of a horn by appellant was unnecessary or produced an unreasonably loud or harsh sound. Proper cause must be shown to warrant the granting of an appeal from the judgment in a summary conviction. Appellant's petition for allowance of an appeal is a denial of guilt of the offense charged, and a statement of his version of the testimony before the magistrate. Cf. *Commonwealth, for use of Allegheny County et al., v. Hendley,* 7 Pa. Superior Ct. 356; *Commonwealth, to use of Allegheny County et al., v. Menjou,* 174 Pa. 25, 34 A. 301. The appeal to this court brings up the record only by way of certiorari. *Commonwealth v. Climenti,* 89 Pa. Superior Ct. 195, 197. Our statement in *Commonwealth v. Palms,* 141 Pa. Superior Ct. 430, at page 433, 15 A. 2d 481, at page 482, is applicable and controlling: "It follows that if the matter in dispute was one of *fact,* as to which the party desiring the appeal had full opportunity to present his side, and he received fair treatment from the magistrate and was not the victim of oppression, bias or corruption at the latter's hands, an appeal should ordinarily not be allowed, unless the losing party in his petition for appeal shows evidence, discovered since the trial, which could not by the use of reasonable diligence have been obtained at the trial, which is not merely corroborative or cumulative, or merely impeaching the credibility of a witness, and is of such a character as would likely result in a different finding if an appeal were granted (Com. v. Mellon, 81 Pa. Superior Ct. 20, 25)."

Appellant may be dissatisfied with the result of the trial before the magistrate, but it does not follow that an appeal shall be allowed for this reason. *Thompson v. Preston*, 5 Pa. Superior Ct. 154, 158. An appeal from a summary conviction is not a matter of right, but "upon allowance of the appellate court or judge thereof upon cause shown." Article 5, section 14, Constitution of Pennsylvania, PS.

The record in this case neither contains nor indicates anything which would warrant us in holding that there was an abuse of discretion on the part of the court below in refusing the appeal.

Appeal is dismissed, at cost of appellant.