## Franke Appeal

*John R. Boland*, district attorney, for Commonwealth.

*Philip E. Brockway*, for appellant.

ROWLEY, P. J., December 19, 1950.—This matter is before the court upon petition of Louise A. Franke for allowance of an appeal from a summary judgment of conviction imposed upon her by a justice of the peace: Constitution of Pennsylvania, art. V, sec. 14; Act of April 17, 1876, P. L. 29, as amended, 19 PS §1189.

In an information filed with the justice of the peace defendant was charged with violation of section 1014, subsec. A, of The Vehicle Code.

Defendant does not challenge the sufficiency of the evidence produced to establish the violation charged. The precise point raised by petitioner is that no proof was presented to identify defendant as the operator of the violating car.

We do not have a transcript of the hearing, consequently we must rely upon the averments of the petition as supplemented by petitioner's summation of the facts.

We quote from the petition:

"All three witnesses testified that a certain Buick sedan, bearing license number K-7937, had pulled out into the highway in front of them—

"All three witnesses testified that they did not know, nor could they identify the driver of the said Buick sedan."

The learned counsel for petitioner concedes that upon petition for an allowance, if the matter in dispute were one of *fact*, an appeal will ordinarily not be allowed.

We agree that the complaint, if satisfactorily established that there was *no evidence* to sustain the judgment (including, of course, identity of the operator), would present a question of law. However, the probative force of evidence submitted is ordinarily a matter of fact: Vorbnoff v. Mesta Machine Co. et al., 286 Pa. 199.

A rather unique situation is here presented. We do not have a transcript of the evidence produced at the hearing. There is, however, evidence that the owner of a motor vehicle bearing the registration number K-7937 violated The Vehicle Code. We think it may be assumed that the Commonwealth undertook to serve a copy of the information upon the person shown by the records to be the registered owner of the particular vehicle, and in so doing made service upon Louise A. Franke, a nonresident of Mercer County. After such service defendant had the privilege of forwarding to the justice a sworn denial of operation and thereby putting the Commonwealth to proof that she was the operator. Defendant's failure to file a denial raised the prima facie presumption that the owner of the vehicle was the operator: Act of May 1, 1929, P. L. 905, as amended, 75 PS §739. But defendant says that no evidence was offered to prove that Louise A. Franke was the registered owner of the vehicle. Presumably, by this is meant that no witness orally testified to the

fact of ownership. Of course, it is understood that evidence is not limited to oral testimony and documentary proof. It is not uncommon to prove acts or circumstances for the purpose of asking the court or jury to infer other facts of which there is no direct testimony.

Inasmuch as defendant appeared, in person or by counsel, before the justice, it may be assumed that the required service was made. She doubtless received an information, well in advance of the hearing, describing a particular vehicle, averring that *she was* the operator thereof, and charging a particular violation of The Vehicle Code. As above stated, she disavowed neither ownership nor operation, notwithstanding that the statute invited her to do so.

If one fails to make reply to statements made under circumstances which afford an opportunity and call for a reply or explanation from him, his silence will be accepted as a tacit acquiescence in the statements and an admission of their truth. The rule applies in criminal as well as in civil proceedings.

Where statements with reference to defendant's conduct, made in his presence and hearing but not in the course of judicial inquiry, although he be in custody, are such as would naturally call for reply or explanation, his silence may be considered by the jury as an acquiescence therein, and an admission of their truth: Commonwealth v. Karmendi, 325 Pa. 63.

A letter or other ex-parte writing, material to the issue and brought to the attention of the opposite party, is competent evidence.

Statements contained in letters which are replied to or shown to have been received by the opposite party are therefore admissible, on the same principle as oral conversations between the parties, to show that the matters therein contained were brought to the attention of the other, and a failure to deny or reply to such

statements within a reasonable time is evidence of an admission of their correctness.

The duty of registering motor vehicles is committed to the Department of Revenue. This department operating, in part, through the agency of the Pennsylvania State Police, is charged with enforcement of certain laws regulating the use of vehicles on the highways of the Commonwealth.

The Secretary of Revenue is directed to issue to police departments bulletins stating the registration number, name and address of each vehicle registered: Act of May 1, 1929, P. L. 905, 75 PS §104. The Act of April 28, 1943, P. L. 94, as amended, 71 PS §250, imposes upon Pennsylvania State Police the duty of enforcing the laws regulating use of highways and of coöperating with the Department of Revenue with respect to licensing of vehicles.

In pursuance of the statute the Department of Revenue, weekly or so, supplies the Pennsylvania State Police with a bulletin listing the registered owners of motor vehicles.

The instant information was made by a member of the Pennsylvania State Police. The summary of evidence submitted to us by petitioner clearly discloses that no witness undertook to identify the individual who operated the automobile. It clearly appears that the undertaking was to identify the vehicle involved as a Buick bearing 1950 Pennsylvania registration K-7937, and to ask the court to infer, as authorized by statute, that the registered owner was operating. Of course, this involved the question whether there was any proof as to identity of the owner.

In determining sufficiency of the proof we must consider the failure of defendant to deny operation or ownership. If there had been such denial or if the statutory presumption were nonexistent, it might have been necessary to produce the original registration

record or similar proof. However, in the instant circumstances, we do not feel warranted in holding that it was not permissible for the justice to treat the information as a sworn declaration by a representative of the Department of Revenue impliedly identifying the registered owner, although it does not in specific terms so declare. It was not a violent presumption for the justice to assume that the complaining officer obtained his knowledge as to ownership from the bulletin supplied by the registration office for the very purpose. In a hearing before a court of record the failure of the officer to testify directly to the point and the omission to offer the record evidence might be of more serious proportions.

Summary proceedings are not required to observe all the technicalities and niceties that characterize a trial in a court of record. In the instant case there is no serious dispute as to the registered owner of the automobile. The petition for an allocatur does not deny that defendant was the owner. Before we are authorized to allow an appeal, we must be persuaded that petitioner did not have an opportunity to fully and fairly present her case before the magistrate, or that a doubtful legal question is involved, or that there is something to indicate oppression, corruption or disregard of law on the part of the magistrate. A magistrate is not usually learned in law and has not had the training or legal education requisite to pass upon doubtful legal and constitutional questions. No such matter is here involved. The question was whether the evidence and circumstances warranted the inference and conclusion that petitioner was the operator of the vehicle in question. That was purely a matter of fact. If there had been no direct proof of the fact nor any circumstances reasonably warranting an inference thereof, we would have authority to allow an appeal since such a situation would present a question of law.

At the hearing defendant was represented by able counsel. It is not claimed that she was not afforded a full opportunity to be heard. There is nothing to indicate that defendant was a victim of oppression by the justice of the peace: Commonwealth v. Freedman, 161 Pa. Superior Ct. 12; Commonwealth v. Palms, 141 Pa. Superior Ct. 430.

For the reasons stated we are constrained to refuse an allocatur.

### Order

And now, December 19, 1950, it is ordered, adjudged and decreed that the petition for allocatur be denied.