## Schlusser v. Conrad

*Robert M. Frey*, for plaintiff.

*Myers, Myers & Flower*, for defendant.

SHUGHART, P. J., April 16, 1957.—In an action before a justice of the peace arising out of a motor vehicle accident, the above-named plaintiff recovered a judgment against defendant for damages to the car she was driving, in the amount of $44.47 plus costs in the amount of $10.50.

Pursuant to the provisions of the Act of May 17, 1956, P. L. (1955) 1626, 42 PS §913a, defendant filed

a petition for special allowance of an appeal to the court of common pleas. As a basis for the appeal, the petition alleged as follows: "6. The judgment was against the law and the evidence in that: (a) no negligence was shown at the hearing, but merely the happening of an accident; (b) the plaintiff was clearly negligent; (c) the plaintiff brought suit as the owner of the vehicle and claimed damages to 'her car', that the damaged vehicle is owned exclusively by Chester Schlusser, her husband, in whose name the vehicle is titled."

Upon the issuance of a rule, plaintiff filed an answer specifically and in detail denying the averments in paragraph 6(a) and (b) of the petition. The answer to paragraph 6(c) was as follows: "It is correct that the plaintiff brought suit as the owner of the damaged vehicle and for the purpose of these proceedings it is admitted that the vehicle is titled in the name of plaintiff's husband, Chester Schlusser, however, it is claimed that the vehicle is regarded by plaintiff and her husband as the property of plaintiff, that plaintiff's husband attended the hearing and made no objection to plaintiff's claim of ownership but on the contrary approved it."

The cause was set down on the argument list, has been argued and reargued and is now before us for decision. The matter was heard on petition and answer, no depositions were taken by either party.

The Act of May 17, 1956, P. L. (1955) 1626, sec. 1, 42 PS §913a, provides, inter alia, as follows: "In every action of trespass before a magistrate, alderman or justice of the peace, in which a right of appeal . . . to the court of common pleas now exists, the right of appeal shall hereafter *apply only* where the judgment given . . . shall exceed the amount of one hundred dollars ($100), excluding costs. In case the amount of the judgment does not exceed one hundred dollars

($100), the judgment . . . shall be final except by petition to the court of common pleas for *special allowance*." (Italics supplied.)

It is obvious that the legislature intended by the statute to remove from court calendars cases involving small amounts of money where the costs of pressing the claim, if legal counsel were employed, would exceed the amount of the claim. Therefore, we have no difficulty in reaching the conclusion that no special allowance should be granted except for cause shown: McGuire v. Shenandoah, 109 Pa. 613; Commonwealth v. Eichenberg, 140 Pa. 158, 160; Thompson v. Preston, 5 Pa. Superior Ct. 154, 157; Commonwealth v. Stewart, 137 Pa. Superior Ct. 445, 447.

We likewise feel that the alleged cause must be something more than a general allegation that the trier of the facts should have reached a different conclusion than the one he did reach. We have found no cases construing the act of assembly in question. The statute providing for appeals from summary convictions and from judgments in suits for penalty likewise provides that such appeals shall be "upon allowance" and "upon cause shown": Act of April 17, 1876, P. L. 29, as amended, 19 PS §1189.

In construing that act, in Thompson v. Preston, supra, at page 157, the court said: "Ordinarily an appeal should not be permitted, if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or after-discovered evidence which would justify a new trial, under the well-known rules relating to new trials for that cause. Neither article V, sec. 14 of the Constitution, nor the Act of 1876, which was passed to carry it into effect, contemplates that an appeal shall be allowed merely because the party de-

siring it is dissatisfied with the result of the trial before the magistrate, as is the case with most defeated litigants, and cheers himself with hopes of better success in the next encounter."

See also Commonweatlh v. Stewart, supra; certiorari denied, Stewart v. Commonwealth, 309 U. S. 674, 69 S. Ct. 714, 84 L. Ed. 1019; rehearing denied, 309 U. S. 699, 60 S. Ct. 886, 84 L. Ed. 1037; Commonwealth v. Freedman, 161 Pa. Superior Ct. 12.

We are satisfied, therefore, that especially in the absence of any of the actual facts concerning the accident, except as are detailed in the briefs of counsel, we are not warranted in allowing the appeal on the ground that no negligence of defendant was shown or on the ground that plaintiff was contributorily negligent.

We shall not treat with any arguments raised which go to the merits and demerits of the minor judiciary system. The legislature adopted the act in question with full knowledge of the existing system and if any change in that system is required, the legislature must take the necessary action.

The remaining basis for allowing the appeal is that title to the vehicle damaged in the collision is in the husband of plaintiff and not plaintiff herself.

"The purpose of a certificate of title is not to conclusively establish ownership in a motor vehicle, but rather to establish the person entitled to possession: Majors v. Majors et al., 349 Pa. 334, 37 A. 2d 528. . . . However, a title certificate is an indicium of ownership: Rice Street Motors, to use v. Smith et al., 167 Pa. Superior Ct. 159, 74 A. 2d 535": Speck Cadillac-Olds, Inc., v. Goodman, 373 Pa. 83, 88.

"It is well settled that the certificate of title is not conclusive evidence of ownership of a motor vehicle": Weigelt v. Factors Credit Corp., 174 Pa. Superior Ct. 400, 405.

In light of the above, in this case the mere fact that the vehicle was titled in one other than plaintiff does not so conclusively establish ownership in that other, so as to prohibit plaintiff from recovering for damages to the vehicle.

The lone fact that the certificate of title is in the name of another cannot defeat plaintiff's claim for another reason. In the case of Stouffer v. Gephart, 1 Lebanon 298, a case arising in this county, plaintiff sought to recover damages to a truck of which he was in possession as bailee; in disposing of a motion to strike off the complaint, our learned predecessor, President Judge Fred S. Reese said, at page 300: "There are many situations where either one of two parties, as a real party in interest, may maintain an action against a given defendant, but a recovery by one is a bar to any recovery by the other. This is true where, as in the present case, property in the possession of a bailee is damaged by the negligence of the third person. In such a case it has always been the law that an action can be maintained against the third person by either the bailee or the bailor: In Smyth v. Fidelity & Deposit Co. of Maryland, 125 Pa. Super. 597, 605, it is stated: 'There can be no doubt about the rule that a bailee in possession of personal property, is entitled, as against a third party, to recover the full value of the bailed property in case of its destruction or conversion by the third party, the bailee being liable over to the bailor for any damage recovered in excess of his interest.' In Juniata Acceptance Corp. v. Hoffman, 139 Pa. Super. 87, 91, the court said: 'Moreover, it is clear that a prior recovery by the bailee of full damages from the wrongdoer amounts, in law, to a complete satisfaction, so that the bailor may not thereafter recover from the same party for the same injury.' To the same effect is Gardner v. The Freystown Mutual Fire Insurance Co.,

48 D. & C. 96, affirmed in 350 Pa. 1; and also, A. L. I. Restatement of Torts, Sec. 251.

"It therefore follows that the plaintiff herein, as bailee, is entitled to sue for the damage to the bailed truck, without joining the owner and bailor as a party plaintiff."

While there are no pleadings or notes of testimony indicating that plaintiff was a bailee, the fact that the husband was present at the hearing and made no objection lends support to the contention that the wife was either the owner or was a bailee of the damaged vehicle and thus entitled to sue. In any event, the fact that counsel for plaintiff stated that both husband and wife will join in a release to defendant will relieve defendant from any possibility of harm from this situation if the appeal is disallowed.

One further matter deserves mention. Defendant fails to state when he learned that the certificate of title to the car was held by the husband. Certainly if he knew this prior to the hearing, objection should have been made at that time, which would have resulted in a correction of the situation then and there. He should not be permitted to remain silent and to use this technical objection as a basis of obtaining a new trial on all of the merits of the case.

If, on the other hand, this was a matter which he discovered only after the trial, then he must bring himself within the scope of the rules in regard to after-discovered evidence. In this connection, in Commonwealth v. Freedman, 161 Pa. Superior Ct. 12, 15, the court said: " '. . . an appeal should ordinarily not be allowed, unless the losing party in his petition for appeal shows evidence, discovered since the trial, which could not by the use of reasonable diligence have been obtained at the trial, which is not merely corroborative or cumulative, or merely impeaching the credibility of a witness, and is of such a character as would likely

result in a different finding if an appeal were granted (Com. v. Mellon, 81 Pa. Superior Ct. 20, 25).' "

It may be seriously doubted whether the identity of the holder of the certificate of title to a car could qualify as such newly-discovered evidence in any case, in view of the availability of this information through the use of the vehicle license number.

For the reasons given, we conclude that defendant has not produced any sufficient basis for the allowance of an appeal.

And now, April 16, 1957, at 3 p.m., for the reasons given, the rule to show cause why an appeal should not be allowed be and is hereby discharged.