## Commonwealth v. Roggio

*Raymond R. Start*, District Attorney, and *Jacques H. Fox*, Assistant District Attorney, for Commonwealth.

*Harold L. Ervin* and *John B. Brumbelow*, for defendant.

TOAL, J., July 31, 1958.—On June 5, 1957, an information charging defendant with violation of article X, sec. 1008(*b*), of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §543b, in Marple Township on June 4, 1957, was lodged by police officer Edward V. Smith

before a magistrate of Marple Township. The magistrate, on the same day, sent a notice of the filing of the information to defendant, which notice was received on June 6, 1957.

Defendant, in accordance with article XII, sec. 1204(*b*), of The Vehicle Code, 75 PS §734b, waived a summary hearing and posted bond for appearance for trial before this court. The magistrate then returned the information to this court and a hearing was held on September 26, 1957. Defendant was found guilty but upon motion of his counsel a new trial was granted by order of the court dated November 1, 1957. For the purpose of the new trial no new evidence is necessary. Therefore, the evidence presented at the September 26, 1957, hearing will be considered as the evidence of the new trial.

The evidence shows that defendant, on June 4, 1957, was operating his motor vehicle in a southerly direction on Sproul Road approaching Byrne's Hill. On this hill Sproul Road is divided into two parts by a solid white center line. As defendant proceeded up the hill he overtook and passed two cars which were also proceeding in a southerly direction, at a point where he did not have 500-foot vision ahead. In doing so he crossed over the center line and into the northerly traffic lane. It was admitted that Sproul Road was 36 feet wide at this point and that the southbound traffic lane was 18 feet wide. It was also established that a motorist traveling in a southbound direction could safely overtake and pass another vehicle traveling in the same direction without crossing the center line. In fact the officer testified that he had orders not to arrest anyone for passing another vehicle unless he crossed over the center line. Therefore, the evidence shows that there were two lanes available for southbound traffic although they were not marked as such.

Article X, sec. 1008(b) of The Vehicle Code, 75 PS §543b, for the violation of which defendant was charged, provides, in part, as follows:

"(b) The driver of a vehicle shall not overtake or pass another vehicle proceeding in the same direction, when approaching the crest of a grade, nor upon a curve in the highway, where the driver's view along the highway is obstructed within a distance of five hundred (500) feet ahead, except, on a highway having two or more lanes for movement of traffic in one direction, the driver of a vehicle may overtake or pass another vehicle . . ."

It is obvious that this section applies to a highway where there is only one lane available for traffic in a particular direction because the exception contained therein gives the motorist the right to pass when there are two or more lanes for movement of traffic in one direction.

Since two lanes were available for southbound traffic on this hill, as indicated by the physicial facts relating to the width of the highway, defendant had the right to overtake and pass the other two vehicles, and therefore he did not violate this section of The Vehicle Code. By crossing the white line at the place he did on Sproul Road he violated article X, sec. 1008(a), which provides as follows:

"(a) The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking or passing another vehicle proceeding in the same direction, unless such left side is clearly visible, and is free from oncoming traffic for a sufficient distance ahead to permit such overtaking or passing to be made in safety."

Since defendant is not charged with the violation of this section of The Vehicle Code, this court is without jurisdiction to find him guilty of violating the same. Nor can an information now be brought against de-

fendant for violation of this section since article XII, sec. 1201(a), of The Vehicle Code, 75 PS §731a, requires that such informations must be brought within 15 days after the commission of the alleged offense and not thereafter.

Under the circumstances defendant must be discharged and we therefore make the following:

## Order

And now, to wit, July 31, 1958, it is ordered and decreed as follows:

1. That defendant is found not guilty of violating article X, sec. 1008(b) of The Vehicle Code, 75 PS §543b.

2. That defendant be and is hereby discharged.

3. That the costs shall be placed on the County of Delaware.