Commonwealth v. Barnes, Appellant.

Argued December 13, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Michael J. Perezous,* for appellant.

*Theodore A. Parker,* Assistant District Attorney, with him *Wilson Bucher,* District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, P. J., March 24, 1966:

We are asked in this case to reverse the action of the court below in refusing the defendant's petition for the allowance of an appeal from a summary conviction before a magistrate, without having before us the transcript of the magistrate's record. All that we have are the defendant's petition and the order of the

court refusing the appeal. The court below did not write an opinion.

Art. V, §14 of the Constitution of Pennsylvania provides: "In all cases of summary conviction in this Commonwealth, or of judgment in suit for a penalty before a magistrate, or court not of record, either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof upon cause shown." To put such a provision into effect, the legislature passed the Act of April 17, 1876, P. L. 29, 19 PS §1189, which provides, as amended: "In all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, either party, even though any fine imposed has already been paid, may, within ten days after such conviction, appeal to the court of quarter sessions of the county in which such magistrate shall reside or court not of record shall be held, upon allowance of the said court of quarter sessions, or any judge thereof, upon cause shown; . . . ."

One of the earliest cases considering these provisions was *Thompson v. Preston,* 5 Pa. Superior Ct. 154 (1897). In that case it was said: "An appeal from the judgment of a magistrate for a penalty, or in a summary conviction, should not be allowed save for cause shown: McGuire v. Shenandoah, 109 Pa. 613; Commonwealth v. Eichenberg, supra [140 Pa. 158]. To ascertain the cause alleged, reference must be had to the petition presented to the court below: Commonwealth v. Menjou, 174 Pa. 25, and we cannot go outside the petition and deal with the case, as though it had originated on a certiorari to the magistrate. Ordinarily an appeal should not be permitted, if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption or disregard of law on the part

of the magistrate, or after-discovered evidence which would justify a new trial, under the well-known rules relating to new trials for that cause. Neither art. V, sec. 14 of the constitution, nor the act of 1876, which was passed to carry it into effect, contemplates that an appeal shall be allowed merely because the party desiring it is dissatisfied with the result of the trial before the magistrate, as is the case with most defeated litigants, and cheers himself with hopes of better success in the next encounter." See also: *Com. v. Yocum,* 29 Pa. Superior Ct. 428.

It was in *Com. v. Weimer,* 36 Pa. Superior Ct. 451 (1908), that the first mention of a transcript of the magistrate is found. In that case RICE, P. J., said: "Undoubtedly for an abuse of discretion the party aggrieved by the refusal of the appeal would have a remedy in this court, but the abuse of discretion must appear somewhere in the proceedings sent up to us for review. . . . It is suggested in the appellant's argument that the case raises a difficult question of law, and we may say that if this appeared in the transcript of the magistrate and the transcript were before us this might be ground for holding that the court ought to have granted the appeal. But as we have suggested the transcript is not sent up and it is impossible to see how we can convict the court below of an abuse of discretion, unless it be held that upon an appeal from the action of the court the facts averred in the petition must be accepted for verity. We are not prepared to go to that extent. We see no substantial ground upon which we can base a decision substituting our discretion for that of the court in which it is reposed by the statute."

In *Com. v. Spotts,* 45 Pa. Superior Ct. 100 (1911), the magistrate discharged the defendant and it was the Commonwealth which petitioned the court of quarter sessions for an appeal. It was refused and the

Commonwealth appealed to this Court. Although the opinion states that the magistrate's transcript was not attached, the case was not decided on that ground. We analyzed the petition for the appeal and held that it did not contain sufficient information to enable the court below to act upon it. The *Weimer* case, supra, was not cited.

In *Com. v. Konas*, 57 Pa. Superior Ct. 629 (1914), we went back to the *Weimer* case and followed it, saying: "It was within the power of the appellants to attach this transcript of the burgess's record to the petition which they presented to the court below, but this they did not do. The transcript is not sent up and it is impossible to see how we can convict the court below of an abuse of discretion. . . ." See also: *Com. v. Stewart*, 137 Pa. Superior Ct. 445, 9 A. 2d 179 (1939), a Jehovah's Witnesses case, where it was said: "All of the cases on the subject demonstrate that the cause for asking for the allowance of an appeal must actually appear in the record, and that the court cannot assume there is a question of law or fact or constitutional question because the petitioner says so.

". . . The record, as it appears before us, contains no transcript of appellant's conviction so as to indicate what evidence had been produced and whether the evidence failed to warrant the conviction. . . .

"The state of the record before us presents no basis for holding that there was any abuse of discretion on the part of the court below in refusing the appeal."

In the *Stewart* case an appeal was refused by the Supreme Court of Pennsylvania, 137 Pa. Superior Ct. xxxiii, and a certiorari was refused by the Supreme Court of the United States, 309 U.S. 674. However, the *Weimer, Konas* and *Stewart* cases have never been cited for the transcript requirement in the more than twenty-five years which have elapsed since 1939. On the other hand, in the following year, 1940, *Com. v.*

*Palms,* 141 Pa. Superior Ct. 430, 15 A. 2d 481, another Jehovah's Witnesses case, came before this Court. After quoting a portion of the foregoing excerpt from *Thompson v. Preston,* supra, KELLER, P. J., went on to say: "It follows that if the matter in dispute was one of *fact,* as to which the party desiring the appeal had full opportunity to present his side, and he received fair treatment from the magistrate and was not the victim of oppression, bias or corruption at the latter's hands, an appeal should ordinarily not be allowed, unless the losing party in his petition for appeal shows evidence, discovered since the trial, which could not by the use of reasonable diligence have been obtained at the trial, which is not merely corroborative or cumulative, or merely impeaching the credibility of a witness, and is of such a character as would likely result in a different finding if an appeal were granted (Com. v. Mellon, 81 Pa. Superior Ct. 20, 25).

"On the other hand, if a legal question is presented as the point in issue, as to which there is reasonable doubt as to its solution, and especially if a constitutional question is involved, then an appeal should be allowed; for a magistrate, or justice of the peace, is not usually learned in the law and has not had the training or legal education requisite to pass upon doubtful legal and constitutional questions.

"On careful consideration, we are of opinion that the present case falls within the latter category and that an appeal should have been allowed. . . ." Whether or not a transcript was attached to the petition was not disclosed in the opinion.

Likewise in *Com. v. Freedman,* 161 Pa. Superior Ct. 12, 54 A. 2d 48 (1947), the opinion does not state whether or not a transcript was attached to the petition but the action of the court below refusing the appeal was affirmed because the facts set forth in the petition did not meet the requirements of *Com. v. Palms,* supra.

In *Com. v. Hanzlik*, 191 Pa. Superior Ct. 460, 157 A. 2d 97 (1960), there was no mention of the transcript but the court below granted the appeal and the present question was not raised.

In the present case, however, the Commonwealth specifically relies upon *Com. v. Stewart*, supra, and we must squarely meet the issue. We do not believe that the court below is only in a position to properly exercise its discretion when it is presented with a transcript of the proceedings before the justice of the peace. There was no such requirement in the provision of the Constitution nor in the Act of Assembly which was passed to carry it into effect. The earlier cases, both in the Supreme Court and this Court, stated only, "To ascertain the cause alleged, reference must be had to the *petition* presented to the court below." (Emphasis added) Furthermore, there are many situations where the real reason for the allowance of the appeal will not appear in the transcript.

Finally, the alleged requirement has not been enforced for over twenty-five years. It may be that the cases which established the prerequisite have been overruled by implication. However, to put this issue at rest we hereby specifically overrule the cases of *Com. v. Weimer*, supra, *Com. v. Konas*, supra, and *Com. v. Stewart*, supra, insofar as they require a transcript of the proceeding before the justice of the peace.

Considering the petition presented in this case we find that it alleges that the defendant was convicted by the justice of violating §1008(b) of The Vehicle Code which forbids the passing of another vehicle proceeding in the same direction when approaching the crest of a grade except on highways having two or more lanes for the movement of traffic in one direction. It further alleges that, at the spot in question, Route 30 was a twenty-four feet wide highway divided by solid parallel yellow lines making an eastbound lane

214

of sixteen feet and a westbound lane of eight feet and that there were no "No Passing" signs at the location. The petition also refers to the case of *Com. v. Roggio,* 16 Pa. D. & C. 2d 647 (1958), which seems to be the only reported case dealing with the question in which an appeal had been allowed and the defendant found not guilty.[1]

We feel that these averments in the petition bring it within the second group of cases referred to in *Com. v. Palms,* supra, to wit: where a legal question is presented as to which there is reasonable doubt as to its solution and which should be decided by a judge rather than by a justice of the peace. We feel that it was an abuse of discretion not to have given the defendant the opportunity to present his case before a judge who was learned in the law.

The order of the court below refusing to allow an appeal is reversed and the record is remitted with directions to allow an appeal and proceed to a hearing.[2]

WRIGHT and MONTGOMERY, JJ., would affirm the order below.

---

[1] In the present case the petition refers to matters which occurred in the office of the justice subsequent to the hearing, but we are not basing our opinion upon such averments.

[2] We do not decide the legal question on this appeal. That can be done by the court below after a full hearing and the making of a record. Should an appeal then be taken we may address ourselves to the legal question.