## Commonwealth v. Spade

122

*Harold F. Kerchner*, for Commonwealth.
*Andrew Banks*, for defendant.

RICE, P. J., November 1, 1947.—Defendant has presented a petition for the allowance of an appeal from a summary conviction before a justice of the peace for a violation of The Game Law of May 24, 1923, P. L. 359. The petition sets forth that the charge was hunting rabbits and squirrels on Sunday, October 5, 1947, and that, after a hearing, the justice of the peace found defendant guilty and fined him $25 and directed him to pay the costs. It does not say, however, whether the fine and costs were paid or bail was given for their payment, and a transcript of the record of the justice is not attached to the petition. The petition was presented to the president judge in vacation on November 1, 1947, within five days after the conviction, and the order is made as of the day the petition was received.

In Thompson v. Preston, 5 Pa. Superior Ct. 154, 157, 158, the Superior Court said:

"An appeal from the judgment of a magistrate for a penalty, or in a summary conviction, should not be allowed save for cause shown: McGuire v. Shenandoah, 109 Pa. 613; Commonwealth v. Eichenberg, supra (140 Pa. 158). To ascertain the cause alleged, reference must be had to the petition presented to the court below: Commonwealth v. Menjou, 174 Pa. 25, and we cannot go outside the petition and deal with the case as though it had originated on a certiorari to the magistrate. Ordinarily an appeal should not be permitted,

if the party desiring it has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved, or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or after-discovered evidence which would justify a new trial, under the well-known rules relating to new trials for that cause. Neither art. V, sec. 14 of the constitution, nor the act of 1876, which was passed to carry it into effect, contemplates that an appeal shall be allowed merely because the party desiring it is dissatisfied with the result of the trial before the magistrate, as is the case with most defeated litigants, and cheers himself with hopes of better success in the next encounter."

In Commonwealth v. Palms, 141 Pa. Superior Ct. 430, 432, 433, the Superior Court said: "An appeal from a summary conviction is not a matter of right (Commonwealth v. Eichenberg, 140 Pa. 158), . . ." and, quoting from Thompson v. Preston, supra, continued:

"It follows that if the matter in dispute was one of *fact*, as to which the party desiring the appeal had full opportunity to present his side, and he received fair treatment from the magistrate and was not the victim of oppression, bias or corruption at the latter's hands, an appeal should ordinarily not be allowed, unless the losing party in his petition for appeal shows evidence, discovered since the trial, which could not by the use of reasonable diligence have been obtained at the trial, which is not merely corroborative or cumulative, or merely impeaching the credibility of a witness, and is of such a character as would likely result in a different finding if an appeal were granted (Commonwealth v. Mellon, 81 Pa. Superior Ct. 20, 25).

"On the other hand, if a legal question is presented as the point in issue, as to which there is reasonable doubt as to its solution, and especially if a constitutional question is involved, then an appeal should be allowed; for

a magistrate, or justice of the peace, is not usually learned in the law and has not had the training or legal education requisite to pass upon doubtful legal and constitutional questions."

The petition states five numbered reasons for an appeal, but, in a paragraph not numbered and not directly assigned as a reason, it is averred that the testimony of the two witnesses for the Commonwealth, Fisher and Shirk, the game warden and his deputy, showed that they were not well acquainted with defendant and, on the date of the alleged commission of the offense, saw defendant at a considerable distance and recognized him by a field glass. It is not essential that an officer be well acquainted with an alleged criminal before the offense takes place. If it were, a stranger coming into a community would be almost immune from punishment. Identification of an alleged criminal is a matter of fact for the trier of the facts, and the credibility of the witnesses of the identification is for the trier of fact. It was for the justice of the peace to find whether the identity of defendant was sufficiently proved.

The first numbered reason is that the justice ignored the testimony of defendant and his eight witnesses who were with him during the time the witnesses for the prosecution allege they saw him and showed, during the proceedings, an intent not to be influenced by any testimony they might offer. The credibility of the witnesses for defendant was for the justice to decide, and he had a right to ignore their testimony if he decided they were not credible. Besides, the reason is argumentative and general and does not cite any facts to show why he believes the justice did not intend to be influenced by the testimony of defendant and his witnesses. A justice should not be biased, but an averment that he was biased is too general without more.

The second numbered reason is that Shirk, the deputy warden, who testified that he saw defendant at the

scene of the offense at 10 o'clock on the day in question was, as defendant discovered after the trial, at Sunday school four or five miles away and was marked present on the records of the school. This is an apparent attempt to set up after-discovered testimony to impeach the testimony of a witness, but according to Commonwealth v. Palms, supra, this is not a sound reason for an appeal. In the first place, there is no averment of the hours when the witness Shirk was at Sunday school. For all we know, the Sunday school may have been held in the afternoon. We will not assume that it was held at the exact time defendant is alleged to have been violating the law. Again, the records of the Sunday school would not be admissible in evidence to prove the presence or absence of Shirk. A new trial would not be granted for the reason assigned.

The third numbered reason is that the information charges defendant with hunting squirrels and rabbits, yet both witnesses for the prosecution testified they did not see any squirrels or rabbits where defendant was alleged to have been hunting. Section 318 of The Game Law of 1937 provides that the possession of a gun, among other things, or the dead body of a wild bird or a wild animal shall be considered "prima facie evidence" that the possessor was hunting. Hence, the failure to find any squirrels or rabbits in the vicinity would not be sufficient to acquit defendant. There is no averment that he had neither a device usable for killing or taking nor a dead bird or animal. Hence, this reason presents no ground for an acquittal. Besides, the sufficiency and weight and credibility of the evidence of hunting was for the justice.

The fourth numbered reason avers that, after the evidence was taken and the attorneys had addressed the justice, he hesitated and then asked the prosecutor and the latter's attorney to go with him, and they then went into another room and closed the door, and after

conferring with them four or five minutes the justice returned and pronounced defendant guilty. If these averments are true in fact, the justice committed an impropriety. In a jury trial case a verdict will be set aside if it appears that one of the parties and his attorneys at any time had any conversation with any juror regarding the case and a verdict is then returned for that party. A justice of the peace is a trier of the facts in a case before him, and he must be held to the same standards of conduct required of a judge or a jury. Judges and juries must, like Caesar's wife, be above suspicion. All persons are entitled to fair and impartial trials in courts of justice, whether they be courts of record or not. No matter how innocent the conversation between the justice and the prosecutor and his attorney or how honest their purposes, a private conversation, before the judgment was announced, at which neither defendant nor his attorney were present, followed by a judgment of guilty, was such an impropriety as amounts to a denial of justice. In the digests we will find civil cases before justices of the peace on claims left with the justices for collection, and if in any such case the justice acted as the agent of plaintiff, he was thereby disqualified to act as a justice of the peace in an action on the claim, and in a certiorari on any judgment in such a case the agency of the justice could be assigned as a reason for the reversal of the judgment, and the courts have uniformly reversed such judgments. Of course, the agency of the justice would have to be proved as well as alleged. In the pending case it is a question whether we should allow an appeal for this reason or hold that defendant's remedy is a certiorari. We think the question is answered by the two cases herein quoted. They hold that where a defendant has not received fair treatment at the hands of the justice or the latter has been biased, an appeal should be allowed. Hence, we will allow the appeal for this reason. But we will not assume the

truth of the allegation. It has been held in a number of cases that, if an appeal is allowed for some reason and it later appears that the court was imposed on and deceived, the court may dismiss the appeal without passing upon the guilt of defendant. The conduct of the justice is an independent question, which should be settled preliminarily to the allowance or disallowance of an appeal. We will fix a day for a hearing, and the burden of proving the misconduct of the justice will be on defendant. If the misconduct of the justice is satisfactorily proved, an appeal will be allowed; if not, an appeal will not be allowed. At such hearing the only question that will be considered is the allegation that the justice conferred with the prosecutor and his attorney as averred in the fourth numbered reason.

The fifth numbered reason is to be regarded as nothing more than a prayer for the allowance of an appeal, as it does not aver any facts. Defendant is not entitled to an appeal because he thinks he is innocent and can establish it if given a chance. But he is entitled to a trial before an impartial and unprejudiced tribunal. In a jury trial a court is authorized to make an inquiry, apart from the trial, when there is an allegation of misconduct by a juror, and we deem it an inherent power of the court, in a case like this, to hold an inquiry to determine whether the justice in a summary conviction did or did not act in a fair, impartial, unprejudiced manner in the conduct of the trial.

### Order

And, now, November 1, 1947, the petition of defendant for the allowance of an appeal is directed to be marked filed as of this date, and Tuesday, December 16, 1947, at 10 a.m., is fixed for an inquiry or hearing before the court into the facts averred in the fourth numbered paragraph of the petition, and it is ordered that defendant give written notice of such hearing and the purpose thereof to the district attorney and the

prosecutor at least 20 days before the day fixed as aforesaid.