Commonwealth v. Krakover

446

*Russell J. Brownback* and *J. William Ditter, Jr.,* for Commonwealth.

*Morris Gerber,* for appellant.

DANNEHOWER, J., April 13, 1956.—Defendant, Carl H. Krakover, after a full hearing, was convicted before a justice of the peace of 20 separate violations of the West Norriton Township Zoning Ordinance of 1952, in failing to notify the building inspector of the completion of each of 20 houses prior to use and occupancy, in failing to have the work inspected and approved and securing a use registration permit as required by said ordinance.

At the hearing, defendant was represented by counsel, who cross-examined witnesses, and defendant, when given a full opportunity to testify and produce witnesses, refused to produce any testimony. The magistrate, who had the authority to impose a fine of not more than $300 for each violation under the ordinance, fined defendant $50 on each of 20 separate violations, which were consolidated for hearing, making a total of $1,000 in fines and $15.50 in costs, or a grand total of $1,015.50, which defendant paid under protest.

A fair statement of the undisputed facts as revealed by the record disclose that this defendant made application for, was issued and obtained a building permit to construct 33 single-family dwellings in a new real estate development known as Country Club Homes on Galbraith Road and Crawford Drive, West Norriton Township, Montgomery County.

As the work progressed, defendant was notified that the splice in the bottom chord of the roof trusses was inadequate; that each end should be bolted with two bolts; that some of the trusses were rotted and should be replaced, and that certain partition walls were loose

and cracked and should be remedied. Defendant was again notified of these defects by letter of May 4, 1954, by registered letter of May 20, 1954, by letter of June 25, 1954, and August 18, 1954, wherein defendant was clearly notified that no use registration certificate would issue until each building was inspected and approved by the building inspector. The assistant building inspector testified that these weakened joints are dangerous to public safety and in case of heavy snow might collapse as a result of an overloaded roof.

Notwithstanding these notifications, defendant completed 20 houses with only slight and inadequate corrections, failed to notify the building inspector of completion, failed to secure a use registration permit, and caused 20 houses to be sold and occupied.

Article X, sec. 1003 of the West Norriton Township Zoning Ordinance of 1952, provides, in part, as follows:

*"Upon completion of the erection* or alteration of any building or portion thereof, *authorized by any permit obtained in compliance with this ordinance, and prior to occupancy or use,* the *holder* of such permit shall *notify the Building Inspector of such completion. Occupancy shall not be authorized* until the Building Inspector has certified that the work has been inspected and approved as being in conformity with the provisions of this and other applicable ordinances, and has *issued a use registration permit* where required as provided below . . ." (Italics supplied.)

Defendant seeks to avoid the result of these violations in his petition for the allowance of an appeal, alleging:

1. That the enabling Act of 1949, the First Class Township Code, does not permit a first class township zoning ordinance to require that after completion and prior to the occupancy of a home the building inspector may prevent such occupancy until the holder of the

building permit notifies him of completion and a use registration permit is issued;

2. That the West Norriton Township Zoning Ordinance of 1952 is unconstitutional in that it is arbitrary and discriminatory in requiring a use registration permit for homes which are erected while it does not require the same for homes which are altered;

3. That the West Norriton Township Zoning Ordinance of 1952 is vague and ambiguous, therefore defective, in that it requires that a use registration permit be issued to the "holder" of a building permit and provides no method to determine who is the "holder";

4. That the West Norriton Township Zoning Ordinance of 1952 is vague and ambiguous, therefore defective, in that it requires a "holder" of a building permit to notify the building inspector of the completion of the building but provides no way of determining who is the "holder" of the said permit;

5. That there was no evidence deduced at the hearing to determine who was the "holder" of the building permit and therefore no evidence upon which the justice of the peace could find defendant guilty of the alleged violation;

6. That there is nothing in the evidence or in the records to show that defendant occupied any of the dwellings in question or that he, as architect, permitted the occupancy of the said dwellings;

7. That section 1003 of article X of the West Norriton Township Zoning Ordinance of 1952 is improperly titled as "Issuance of Building Permit" and, therefore, does not give proper notice of the contents of this section in reference to use and occupancy; and

8. That the action of the justice of the peace in imposing fines aggregating $1,000 was harsh and arbitrary.

Upon this petition a rule was granted to show cause why the appeal should not be allowed. The district attorney filed an answer, alleging that the reasons set forth in the petition are without merit. After argument before the court en banc this rule is pending for disposition.

Article V, sec. 14, of the Pennsylvania Constitution provides, inter alia, as follows:

"In all cases of summary conviction in this Commonwealth . . . either party may appeal to such court of record as may be prescribed by law, upon allowance of the appellate court or judge thereof upon cause shown."

It is well established and settled that an appeal from a summary conviction before a justice of the peace is not a matter of right but of grace, and should not be allowed save for compelling reasons. Ordinarily, an appeal should not be permitted if the party desiring such appeal has had an opportunity to fully and fairly present his case before the magistrate, unless a doubtful legal question is involved or there is something to indicate oppression, corruption or disregard of law on the part of the magistrate, or unless there is after-discovered evidence which would justify a new trial: Thompson v. Preston, 5 Pa. Superior Ct. 154; Commonwealth v. Freedman, 161 Pa. Superior Ct. 12.

The record shows that there is no dispute with respect to any of the facts, that defendant appeared at the hearing, had an opportunity to be heard and refused, and that the proceedings were properly conducted in deference to the defendant's rights.

Upon consideration of the reasons advanced by defendant for the appeal, we are of the opinion that they are devoid of merit and do not constitute sufficient grounds for a de novo hearing because, in our opinion, there are no doubtful legal questions involved nor was there any disregard of the law by the magistrate.

Defendant first alleges and contends that a use registration permit, as required by the West Norriton Township Zoning Ordinance as a condition for occupancy of a newly constructed building, is not authorized by the enabling Act of May 27, 1949, P. L. 1955, of the First Class Township Code, 53 PS §58101.

The ostensible purpose of the use registration permit is to enable the building inspector to determine whether the holder of the building permit has complied with all the requirements of the building code and the specifications of the plans as originally submitted with the application. Otherwise, the applicant might submit one set of plans when he applies for a building permit, and then proceed with the construction upon a different plan. It is true that the enabling Act of 1949, First Class Township Code, does not explicitly provide for use permits, but it does empower the boards of township commissioners to regulate the construction, size and use of buildings, and to promote the health, safety, and general welfare of the township. Without notification of completion of an authorized construction, it would be impossible to determine whether the structure was safe and sanitary for human occupation. Thus, by necessary implication, the use permit is sanctioned by the enabling Act and is a necessary feature of an effective, workable zoning ordinance. Many zoning ordinances contain the same requirement.

Defendant next avers that the West Norriton Township Zoning Ordinance is unconstitutional in that it is arbitrary and discriminatory in requiring use permits for new dwellings while making no like requirement for dwellings that have been altered.

At the outset, we take notice of the fact that newly constructed buildings and those which have merely been altered are distinct and different things and, as such, may properly be given separate classifications. Classification of similar things is not necessarily un-

constitutional unless there is clearly no basis for distinction or where the classification is palpably arbitrary and discriminatory, and has no logical connection with some public purpose. In enacting a zoning ordinance, the legislative body may determine in the first instance whether the facts warrant a classification, and its determination cannot be disturbed in the absence of a clear showing that there is no reasonable basis therefor. Thus, while it is true that an appeal from a summary conviction will not be denied where questions of law are involved, at the same time the mere allegation in the petition that a question of law is involved is not in itself sufficient to entitle the defendant to an appeal. There is no question of alteration in this case, and defendant cannot take advantage of it.

The next two reasons offered by defendant in urging us to order an appeal are that the West Norriton Township ordinance is vague and uncertain in that it, on the one hand requires a holder of a building permit to apply for a use registration permit, and on the other, it provides no means of determining who is the "holder".

The alleged mystery in the ordinance is more imaginary than real. The record in the present case clearly reveals that the building permit was issued to defendant who is the holder of the building permit, and, as such, has the duty to apply for a use registration permit as a condition of occupancy in accordance with the plain terms of the ordinance. We are unable to perceive how anything could be more certain or clear.

Defendant next alleges and contends that no evidence was presented at the hearings to prove that he was the holder of the permit.

The transcript discloses that defendant made no objection to the findings at the hearing and that he failed to testify in his own defense after being given an opportunity to do so. The fact that he was the holder of the permit was never in doubt and was uncontradicted.

Defendant further alleges and contends that an appeal should be allowed because there was no offer of evidence at the hearing to prove that the defendant occupied any of the dwellings in question.

Upon a reading of the information, it is evident that the substance of the charge referred not to an alleged occupancy on his part of any of the dwellings, but to a failure to notify the building inspector of the completion of the dwellings in accordance with section 1003 of the zoning ordinance. That the dwellings have been sold and occupied and that defendant failed to reasonably notify the building inspector and apply for a use registration permit are facts which are neither denied nor disputed by defendant.

Defendant next complains that section 1003 of the zoning ordinance is improperly titled and, therefore, does not provide him with notice of its contents.

The law is well settled that the ". . . title of an act need not be an index of its provisions nor a synopsis of its contents, that it is sufficient if it gives notice of its tenor to interested persons of a reasonably inquiring state of mind, that so long as it indicates a general subject to which the provision involved is germane or incidental the provision itself is sufficiently contained therein, in short, that the title is not objectionable unless a substantive matter entirely disconnected with the named legislation is included within the folds of the act. . . .": Harrisburg v. Pass, 372 Pa. 318, and cases cited therein. Moreover, the transcript in the present case discloses that defendant was notified by the building inspector on numerous occasions of a necessity to acquire a use registration permit before the dwellings could be occupied and that he persistently ignored these notices.

Finally, defendant alleges and argues that the action of the justice of the peace in imposing fines aggregating $1,000 was harsh and arbitrary.

The record discloses that 20 distinct and separate informations were filed, all of which were consolidated at the hearing, and that total costs for the constable and the justice of the peace amounted to $15.50.

Under section 1302 of the ordinance defendant might have been subject to fines as high as $300 for each offense, with each day of violation constituting a separate offense punishable by a like fine. In view of this provision, coupled with the fact that defendant's violations were willful and flagrant, we are of the opinion that the penalty was just and fair and that the justice of the peace was not guilty of harsh and oppressive treatment.

In conclusion, it may be said that all the facts in this case are admitted and uncontradicted. Therefore, defendant can secure an appeal only upon affirmatively showing that the magistrate disregarded the law, that a doubtful legal question is involved or a constitutional question. Simply alleging that a doubtful legal question or constitutional question is involved does not make it so. The provisions of the zoning ordinance are clear, certain and free from doubt, and we fail to see that any doubtful question of law is here involved to entitle defendant to an appeal or trial de novo because he is dissatisfied with the result of the magistrate's findings. If we consider only one of the violations, he was fined $50 for a willful violation of a zoning ordinance, which violation, according to the township engineers, endangers the safety of the occupants. The zoning authorities have a duty to protect and promote the public safety and welfare.

### Order

And now, April 13, 1956, for the foregoing reasons, the rule to show cause why an appeal should not be allowed is hereby discharged and the appeal refused.

### Petition for Reargument

DANNEHOWER, J., January 4, 1957. — Defendant, after a hearing, was adjudged guilty by a justice of the

peace of having violated the West Norriton Township Zoning Ordinance in that he failed to notify the building inspector of the completion of 20 residences and to procure the necessary use registration permit prior to their occupancy and use.

Defendant then filed a petition for leave to appeal in this court alleging inter alia "There are very important questions of law involved and the case presents important legal and constitutional issues which should be heard by a Court of record." It must be noted that this petition did not allege that said magistrate was biased, prejudiced, arbitrary and defendant did not receive a fair, impartial and judicial hearing. To the petition, the Commonwealth filed an answer and, after argument, the court, in a nine page opinion ruled that no doubtful questions of law were presented and an appeal was refused.

Defendant next filed the instant petition for reargument alleging for the first time that the magistrate was biased and prejudiced and defendant did not receive a fair, impartial and judicial hearing and filed a second petition for leave to take the depositions of the magistrate, defendant's counsel, the building inspector and his assistant in support of a reargument.

To these petitions, the Commonwealth filed answers and these matters were argued before the court en banc.

The court concludes that defendant is not entitled to a reargument and it follows that he is not entitled to take the requested depositions for the reason that in his original petition for leave to appeal he failed to allege that because of the magistrate's bias and prejudice he did not receive a fair hearing. We cannot permit defendant to file these new additional reasons for an appeal (in the nature of after-discovered evidence) at least six months after the 10-day limitation for taking an appeal.

The important question alleged for leave to appeal was because important questions of law were involved. We disposed of those questions and decided that no doubtful questions of law were involved because the provisions of the ordinance were clear and lawful.

Furthermore, an application for a reargument should be confined to the record and should specify the points supposed to have been overlooked or misapprehended by the court and should not be based upon a set of new circumstances, reasons and matters submitted for the first time long after the time for taking an appeal has expired.

### Order

And now, January 4, 1957, for the foregoing reasons, defendant's petition for a reargument and his petition to take depositions and the rules granted thereon are dismissed and discharged. Exceptions are allowed defendant.